NO FEE PAID
NO CV-71
NO A0121

THOMAS C. FROST (CA SBN 185187)
JONATHAN A. STEIN (CA SBN 123894)
ERIK M. IDETA (CA SBN 259533)
THE FROST FIRM
401 West A Street, Suite 1150
San Diego, CA 92101
Telephone: (619) 822-1741
Facsimile: (619) 822-1744
tfrost@thefrostfirm.com
jstein@thefrostfirm.com

Attorneys for Plaintiff,
AK FUTURES LLC

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 27 2021

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DUE ___ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

AK FUTURES LLC,

               Plaintiff,

     v.

LCF LABS INC., a California corporation;
HOMESUN (HK) CO. LIMITED, a Hong
Kong limited corporation; QUASAY AL-
QAZA, an individual; and DOES 1-10,

               Defendants.

Case No.: 8:21-cv-02121-JLS (KESx)

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT:**

**(1) COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 ET SEQ.;**

**(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**

**(3) CALIFORNIA FALSE ADVERTISING, CAL. BUS. & PROF. CODE § 17500;**

**(4) CALIFORNIA UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 ET. SEQ.; AND**

**(5) FRAUD**

**DEMAND FOR JURY TRIAL**

FILED UNDER SEAL PURSUANT TO 15 USC § 1116(D)(8) [§ 34(D) OF THE TRADEMARK ACT]; 17 USC § 503 OF THE COPYRIGHT ACT [INCLUDING § 503(A)(3) INCORPORATING § 1116(D)]; 15 USC § 1125 [§ 43(A) OF THE TRADEMARK ACT]; FEDERAL RULES OF CIVIL PROCEDURE 64 AND 65

1  [INCLUDING RULE 65(F) FOR INCORPORATION]; AND LOCAL RULE 79-
2  5.2.1(A).

3      Plaintiff AK Futures LLC ("AKF"), for its Verified Complaint against
4  Defendants LCF Labs Inc., Homesun (HK) Co. Limited, Qusay Al-Qaza, and Does
5  1-10 (altogether, the "Defendants"), alleges as follows:

6                          **PRELIMINARY STATEMENT**

7      1.   This is an action against Defendants for counterfeiting and the willful
8  infringement of Plaintiff AKF's intellectual property rights in its popular CAKE
9  brand of hemp derivative Delta-8 products ("Cake™ branded Delta-8 products").
10 Defendants are unlawfully manufacturing, importing, advertising, marketing,
11 selling, and distributing unauthorized, inauthentic, and infringing products that
12 attempt to replicate or appear identical to AKF's authentic products. Defendants'
13 products are of unknown quality and threaten substantial, irreparable harm to
14 AKF's brand as well as to consumers, who purchase Defendants' products wrongly
15 believing them to have been made, tested, and lawfully manufactured by AKF.

16     2.   AKF is the owner and authorized seller of Cake™ branded Delta-8
17 products, including disposable electronic delivery systems and electronic cigarette
18 liquid ("e-liquid"). Delta-8 is a hemp-derived product with less than 0.3% of the
19 psychoactive delta-9-tetrahydrocannabinol compound and so it is permitted to be
20 sold in interstate commerce under the 2018 Farm Bill. The safety and efficacy of
21 Delta-8 vaping products are regulated under the PACT Act and other rules and
22 regulations. AKF's Cake™ brand is the top-selling brand of Delta-8 vaping goods
23 in the United States; it is carefully tested and lawfully manufactured under patented
24 processes and expensive quality controls.

25     3.   Given the popularity and consumer recognition of Cake™ branded
26 Delta-8 products, significant demand for them exists in the U.S. market.
27 Unfortunately, counterfeiters and unauthorized sellers of inauthentic goods
28 replicating AKF's Cake™ marks, its copyrighted Cake design, and AKF's products

1    and packaging, are unlawfully trading on AKF's brand and the goodwill AKF has
2    developed in its designs, marks, logos, products, processes and expensive quality
3    controls.

4          4.    Defendants are part of an advanced, well-funded, international
5    network of counterfeiters and unauthorized manufacturers, importers and sellers of
6    inauthentic Cake™ products (the "Cake Counterfeiting Network").   AKF's
7    investigation has shown that the products being manufactured, sold, or otherwise
8    distributed by Defendants are of unknown or inferior quality to AKF's authentic
9    product, and threaten immeasurable harm to AKF's brand and customer good will.
10   They may harm consumers, violate the 0.3% limitation on psychoactive delta-9-
11   tetrahydrocannabinolset forth in the 2018 Farm Bill, and associate with this lawless
12   and dangerous behavior the fully tested and lawfully manufactured Cake™ branded
13   Delta-8 products.

14         5.    Defendants' counterfeiting activities have been so pervasive,
15   persistent, and ongoing, that they have effectively cornered the Delta-8 market for
16   Cake™ 510 Carts and Cake™ Gummies and forced AKF to temporarily close
17   production of authentic Cake™ products for those two key product lines
18   altogether.  Defendants recently flooded the market with cheaper, inauthentic
19   replicas of Cake™ 510 Carts and Gummies, fraudulently labeled with bogus
20   "Certificates of Analysis", that willfully misrepresented to consumers they were
21   rigorously tested and lawfully manufactured AKF products.  Instead, they were
22   unlawfully manufactured and have not been tested or approved for human
23   consumption.

24         6.    AKF suffered and continues to suffer severe economic hardship and
25   irreparable harm as a result.  Already, with the loss of the two product lines, AKF
26   no longer can afford the costs of its entire original legal team, which have appeared
27   before this Court and successfully gained judgments and permanent injunctions
28   against other counterfeiters.   AKF is reduced financially by this network of

1   counterfeiters and unauthorized manufacturers, importers and sellers of inauthentic

2   Cake™ products, and now must proceed without all members of the valued team of

3   lawyers which assisted AKF since the inception of its anti-counterfeiting efforts.

4       7.      Accordingly, AKF urgently brings this action to protect its brand and

5   consumers from counterfeit Cake™ products.

6                                    **PARTIES**

7       8.      Plaintiff AKF is a limited liability company organized and existing

8   under the laws of Delaware with its principal place of business in California located

9   at 1007 West Grove Avenue, Suite B, Orange, California 92865.  AKF is the owner

10  and rights-holder to its Cake™ marks and related intellectual property.

11      9.      Defendant LCF Labs Inc. ("LCF") is a corporation formed under the

12  laws of California.   LCF's principal place of business is located at 895 S.

13  Rockefeller Avenue, Ontario, CA 91761.   Defendant LCF also regularly and

14  systematically conducts business in this Judicial District at 2100 E. Howell Avenue,

15  Anaheim, CA 92806.

16      10.     Defendant HOMESUN (HK) CO. LIMITED ("Homesun"), is a Hong

17  Kong limited company incorporated under the laws of Hong Kong.   Homesun's

18  principal place of business is RM 528, Area A, Minghe Plaza, Changan Town,

19  Dongguan, China.  Homesun serves as an offshore repository of funds paid to LCF

20  in the ordinary course of its business in this Judicial District.  Defendant Homesun

21  regularly and systematically conducts business in this Judicial District by entering

22  contracts and receiving payments in this Judicial District with LCF and its

23  customers, whereby Defendants direct LCF's customers to send payments for the

24  various goods and services LCF provides in this Judicial District to Homesun's

25  offshore bank account located in Hong Kong.

26      11.     Defendant Qusay Al Qaza ("Que") is an individual who resides in this

27  Judicial District at 9650 Millken Avenue, Suite 5319, Rancho Cucamonga, CA

28

1    91730.  Que wholly owns Defendants LCF and Homesun and serves as LCF's sole
2    Shareholder, Director, CEO, and Secretary.

3         12.    Defendants own and operate an industrial manufacturing plant with
4    facilities located in Ontario and Anaheim, California, and offshore banking
5    facilities located in Hong Kong, described herein.  Defendants' manufacturing
6    facilities include mixing laboratories, custom labeling and packaging machinery,
7    and other fixed assets required to mass-produce Delta-8 products like AKF's
8    Cake™ branded products.  LCF promotes itself as "one of the leaders in So-Cal for
9    producing and white labeling…e-juice."[1]

10        13.    Defendants Does 1-10 are unknown manufacturers, importers,
11   suppliers to, or agents of the named defendants, or are additional distributors, re-
12   sellers or retailers and are residents of, or will be present in, the State of California
13   and this Judicial District or have transacted business in the State of California
14   during the time-period covered by this complaint and are subject to the jurisdiction
15   of this Court.  The identities and roles played by Does 1-10 are not currently
16   known.  AKF will amend its complaint to include the name or names of said
17   persons or entities when that information becomes readily available.

18        14.    Plaintiff is informed and believes each Defendant was the agent and
19   alter ego of the other Defendants, at all relevant times alleged herein, and
20   committed the acts or omissions described below with each of the other
21   Defendants' actual and apparent authorization, approval, ratification and direction.

22                    **JURISDICTION AND VENUE**

23        15.    This is an action for willful infringement of AKF's copyrighted design
24   logo, 17 U.S.C. § 101 *et seq.*; for federal unfair competition and false designation
25   of origin, 15 U.S.C. § 1125(a); for violations of California's false advertising law,
26   Cal. Bus. & Prof. Code § 17500 *et seq.* and California's unfair competition law,
27
28   _____
     [1] LCF website, *available at* https://www.lcflabs.com/ (last visited Dec. 2, 2021).

1  Cal. Bus. & Prof. Code § 17500 *et seq.*; and for fraud.  This Court has jurisdiction
2  over AKF's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and
3  1338(a).  Jurisdiction for the related state-law claims is based upon 28 U.S.C. §§
4  1338(b) and 1367.

5      16.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391
6  and 1400(a).  Defendants are subject to suit in this Judicial District by virtue of
7  their commercial activities, sales and residence in this Judicial District.  Venue in
8  this Judicial District also is proper because a substantial part of the events giving
9  rise to the claims in this action occurred in this Judicial District.  AKF has its
10  principal place of business in this Judicial District.

11                    **STATEMENT OF FACTS**
12  **A.    THE COMMERCIAL SUCCESS OF PLAINTIFF'S CAKE™**
13          **PRODUCTS**

14      17.    AKF's Cake™ brand is recognized as the market leader in high-quality
15  hemp-derived Delta-8 vaping products.

16      18.    Prior to launching Cake™, AKF's co-founder James Clelland
17  launched and operated other very successful brands in the vaping industry.  An
18  artist, designer, and experienced marketer, Clelland's interest in vaping products
19  began with a desire to quit smoking cigarettes.  Clelland began work in the industry
20  in his mid-20s, where he gained valuable experience into the e-cigarette market.  By
21  the age of 28, Clelland developed his first successful e-cigarette brand called
22  "Dotmod."  Dotmod's sales grew to approximately $20 million annually utilizing
23  Clelland's designs and logos, and grassroots or "viral" social media marketing.  His
24  passion, hard work and distinctive designs and formats contribute to the success
25  and popularity of AKF's brands.

26      19.    Prior to launching Cake™, AKF's co-founder Jeffrey Meng ("Jay")
27  launched and operated a pharmaceutical packaging company which serviced the
28  lucrative cannabis market in California at the inception of its legalization and

1    launched its initial public offering. Jay received most of his compensation in

2    tranches of common stock and the company's IPO made him wealthy with lucrative

3    business networks.

4           20.    AKF's affiliates first launched the Cake™ branded Delta-8 products at

5    the CHAMPS Trade Show in Orlando, Florida in October 2020. While there were

6    other Delta-8 products at the trade show, Cake™ stood out through its appealing

7    branding and high-quality disposable product. Demand for Cake™ products has

8    been overwhelming. For the twelve-month period ending October 2021, revenue

9    from sales of authentic Cake™ branded Delta-8 products in the U.S. market

10   exceeded millions of dollars per month.

11         21.    By virtue of Cake™'s marketplace success, AKF has established

12   substantial and widespread consumer goodwill in the Cake™ mark, trade name, and

13   designs. Consumers of Cake™ products associate AKF's marks and designs with

14   high-quality, innovative, and well-tested products. AKF's Cake™ mark also is

15   well-known. As Defendant Que expressly acknowledged during an interview with

16   AKF's investigators at LCF's plant on November 4, 2021, described below, AKF's

17   Cake™ brand "is one of the most recognizable Delta-8 brands out there," and "has

18   become extremely popular…you can find it everywhere."

19         22.    AKF takes seriously its intellectual property rights in the Cake™ brand

20   and actively polices them, including through anti-counterfeiting activities of the

21   type that uncovered the sales of counterfeit products described in this Complaint.

22       **B.    AKF'S COPYRIGHTED CAKE DESIGN LOGO**

23         23.    AKF is the owner of registered copyrights for its cake design logo in

24   the U.S. and China.

25         24.    AKF's cake design logo bearing U.S. Copyright Registration No. VA

26   2-247-632, attached hereto as Exhibit A, is an original work of authorship protected

27   by the Copyright Act. AKF is the registrant and rights holder to the copyright in

28   this work.

25.   AKF's copyrighted cake design logo bearing China Copyright Registration No. Guo Zuo Deng Zi-2021-F-00163270, attached hereto as Exhibit B, is an original work of authorship.  AKF is the registrant and rights holder to the copyright in this work:



26.   AKF's copyrighted cake design logo is prominently displayed on all of AKF's authentic Cake™ products.

27.   Without the consent, approval, or license of AKF, Defendants have manufactured, distributed, offered for sale, and sold infringing reproductions of AKF's Cake™ branded products, including unauthorized reproductions of AKF's copyrighted cake design logo:

                

**AKF's Copyrighted Design Logo     Defendants' Unauthorized Reproductions**

28.   Defendants continue to engage in this unlawful conduct.   These activities have infringed and are continuing to infringe a valid, federally registered copyright in AKF's work.

**C.     PLAINTIFF'S TRADEMARK RIGHTS AND DESIGNATION OF ORIGIN AND TRADE DRESS IN CAKE™**

29.   AKF has also established considerable trademark rights, including designation of origin and trade dress in its Cake™ design logo, stylized "Cake" lettering, and unique product packaging.

30.   Without the consent, approval, or license of AKF, Defendants have manufactured, distributed, offered for sale, and sold infringing reproductions of AKF's Cake™ products, including unauthorized reproductions of AKF's design logo, stylized lettering, and other indicia of origin such as product packaging and trade dress.

31.   AKF has pending applications for registration of the Cake™ marks before the United States Patent and Trademark Office, for use in connection with electronic cigarettes, electronic cigarette refill liquids and cartridges, electronic cigarette batteries, and electronic cigarette chargers, including as follows:

| MARK | DATE OF APPLICATION | U.S. SERIAL NUMBER |
|---|---|---|
| CAKE | December 21, 2020 | 90399839 (Class 034) |
| CAKED | March 17, 2021 | 90584363 (Class 034) |
| CAKED8 | March 17, 2021 | 90584410 (Class 034) |
| *Cake* | March 22, 2021<br>May 2, 2021 | 90594523 (Class 034)<br>90686598 (Class 009) |
| *[design logo]* | March 22, 2021<br>April 5, 2021 | 90594382 (Class 034)<br>90624745 (Class 009) |
| EAT CAKE | March 25, 2021 | 90603633 (Classes 009 and 034) |
| *Cake XL* | August 16, 2021 | 90885204 (Class 034) |
| CAKE 10\|10 | June 29, 2021 | 90801941 (Class 034) |

32.   Attached hereto as Exhibits C through J are true and correct copies of the print-outs of the Trademark Status & Document Retrieval pages for the above serial numbers.

33.   AKF currently owns registrations of its "Cake" stylized trademark and design logo trademark issued by China, Mexico, Russia and Australia. AKF's design logo trademark bears China Registration No. 55058687 and International Registration No. 1604339 with grants of protection by designee countries Russia and Australia; and AKF's "Cake" stylized trademark bears Mexico Registration No. 2574865.

34.   AKF also owns pending trademark applications for registrations of its "Cake" stylized mark and design logo mark in Canada, the European Union, Hong Kong, Vietnam, Brazil, Switzerland, Columbia, Indonesia, Israel, Korea, Japan, Malaysia, Norway, New Zealand, Philippines, Singapore, and Thailand.

35.   Since no later than October 23, 2020, AKF and its affiliates have continuously used one or more of the marks on its products in commerce. To this day, all of AKF's Cake™ products bear one or more of the marks, as illustrated below.



36.   The Cake marks are distinctive and serve solely to identify and promote AKF's genuine products and well-known brand.

37.   AKF spent substantial time, money, and effort developing consumer recognition and awareness of its brand, and AKF ceaselessly innovates to maintain consumer loyalty. As a result, AKF's Cake™ mark is now well-known by

1  consumers.  As Defendants acknowledged, AKF's Cake™ brand "is one of the
2  most recognizable Delta-8 brands in the market."

3      38.    AKF sells its products through its authorized network.

4      39.    Through its predecessors' and its licensees' widespread and
5  substantially exclusive use of the Cake™ mark and related marks, AKF also owns
6  significant common law rights in the marks, which are not limited to the goods or
7  services for which the marks are pending registration.

8  **D.    DEFENDANTS' COUNTERFEITING AND UNLAWFUL**
   **     DISTRIBUTION**
9

10     40.    In May 2021, Defendant Que first introduced himself to AKF's co-
11 founder James Clelland and offered to "assist" AKF with its ongoing investigation
12 of the Cake Counterfeiting Network.[2]

13     41.    Between June and August of 2021, in various telephone calls, texts and
14 in-person meetings between Que and AKF's principals, Defendants offered to
15 broker an ostensibly lucrative, multimillion-dollar inventory procurement deal
16 between AKF and ALD Group, a publicly traded manufacturer based in China,
17 purportedly to assist AKF meet the market demand for its authentic Cake™ branded
18 products, and to thereby eliminate or meaningfully curb the Cake Counterfeiting

19

20     [2] In late April and early May 2021, AKF formally launched a private anti-
21 counterfeiting investigation, and by June 10, 2021, AKF brought its first two anti-
   counterfeiting lawsuits in this Court, captioned *AKF v. Green Buddha LLC* ("Green
22 Buddha"), Case No. 8:21-cv-01028-JVS-ADS and *AKF v. Boyd Street Distro LLC*
   ("Boyd Street"), Case No. 8:21-cv-01027-JVS-ADS.  On June 16, 2021, and July 2,
23 2021, AKF brought its third and fourth lawsuits in this Court captioned *AKF v.
   Smoke Tokes LLC* ("Smoke Tokes"), Case No. 8:21-cv-01061-JVS-ADS and *AKF
24 v. Limitless Supply LLC dba Cali Kulture, et al.* ("Cali Kulture"), Case No. 8:21-cv-
   01154, respectively.  Finally, on August 6, 2021, AKF brought its fifth anti-
25 counterfeiting lawsuit in the U.S. District Court for the Southern District of Texas
   captioned *AKF v. Eazy Wholesale, et al.* ("Eazy"), Case No. 8:21-cv-01061-JVS-
26 ADS (altogether, Green Buddah, Boyd Street, Smoke Tokes, Cali Kulture, and
27 Eazy are the "Other Defendants" and the foregoing five lawsuits brought against
   them are the "Other Actions").
28

1    Network's access to AKF's well-established consumer base.  Que also repeatedly

2    promised Clelland that in exchange for Defendants' inventory procurement

3    "brokerage" services, Defendants merely required: (i) "an opportunity" to co-pack

4    (or fill) AKF's authentic Cake™ branded disposable Delta-8 vaping devices at

5    LCF's plant in Ontario, California, at well-below-market pricing of $1 per unit; and

6    (ii) "an opportunity" to sell certain available inventory through Defendants' own

7    distributorship network, subject to AKF's standard pricing and delivery terms.

8        42.    AKF reasonably relied on Que's foregoing representations and,

9    commencing in July 2021, AKF entered certain contractual agreements with

10    Defendants, partly oral and partly written, whereby: (a) AKF agreed to submit

11    several large multi-million-dollar inventory purchase orders to ALD Group in China

12    (the "POs"); (b) AKF designated Defendants as AKF's third-party fulfillment

13    intermediaries on the POs; (c) AKF delivered goods to Defendant LCF worth

14    approximately $4 million (the "AKF Payment"), and in exchange Defendants

15    promised to timely wire transfer payments to ALD Group in accordance with the

16    terms of the POs; and (d) Defendants also promised to perform all related

17    importation, fulfillment and co-packing services in connection with ALD Group's

18    first tranche of inventory deliverables, consisting of several hundred thousand units

19    of disposable vaping devices, batteries and related goods (the "First Tranche").

20        43.    When AKF approved the initial POs to ALD Group in July 2021,

21    Defendants represented to AKF, orally and in writing, that the vast majority of the

22    AKF Payment earmarked for ALD Group under the POs (at least $3 million of the

23    approximately $4 million total AKF Payment) would be processed through

24    Defendant Homesun's offshore bank account located in Hong Kong, to avoid any

25    delays transmitting funds to ALD Group.  AKF raised concerns and requested

26    further assurances that its AKF Payment satisfied all outstanding obligations due to

27

28

Defendant LCF under the parties' agreement.[3]  Defendants assured AKF that the AKF Payment properly was allocated internally in compliance with the parties' agreement and applicable laws, and that timely compliance with ALD Group's corporate policies and procedures required that LCF's portion of the funds be processed entirely through Defendant Homesun's banking facilities located in Hong Kong.   AKF reasonably relied on Defendants' representations and further assurances, and approved Defendants' proposal to wire transfer the funds due to ALD Group under the POs from Homesun's bank account in Hong Kong.

44.   Also in July 2021, in reliance on Defendants' representations and assurances, AKF separately paid Defendants $600,000 to manufacture certain finished goods required for AKF's Cake™ Gummies (the "Gummy Supplies").

45.   Plaintiff is informed and believes Defendants' representations were false when made because Defendants failed to ever perform as promised under the parties' agreements.   Instead, Defendants converted AKF's funds *and* available Cake™ branded inventory for Defendants' own financial gain, and AKF ultimately received no reasonable consideration whatsoever in exchange for the $4 million-dollar AKF Payment.  Defendants also intentionally withheld the payments due to ALD Group under the POs, and ALD Group refused to deliver or manufacture any additional Cake™ branded goods for AKF thereafter.   Eventually ALD Group terminated AKF's inventory procurement POs altogether, causing AKF over $20 million in damages.

46.   Defendants also failed to timely deliver the Gummy Supplies to AKF at any time in July or August 2021.  Ultimately, Defendants LCF and Que belatedly

---

[3] The parties' agreement required Defendant Homesun to perform negligible importation and fulfillment services in Hong Kong, whereas Defendant LCF promised to perform the substantial services required to manufacture the First Tranche of finished products, for AKF's benefit, at LCF's industrial plant in Ontario.

1  delivered only 50% of the Gummy Supplies AKF ordered in early July, all of which
2  were tainted and unsalable, and packaged along with various small objects from the
3  factory floor such as metal bolts and rubber gloves, causing AKF an additional
4  $600,000 in damages.

5      47.    In early August 2021, AKF discovered Defendants secretly launched
6  their own infringing "PIE" brand line of Delta-8 vaping products ("PIE").  Instead of
7  facilitating AKF's multimillion-dollar inventory procurement deal with ALD Group
8  on behalf of AKF, as promised, Defendants converted the AKF Payment and the
9  ALD  inventory  deliverables  manufactured  to  date,  and  then  utilized  AKF's
10  intellectual property and Defendant LCF's plant in Ontario, California to quickly
11  mass-produce, market, distribute and sell their own infringing PIE brand devices and
12  packaging.    Defendants  are  fraudulently  palming  them  off  as  AKF's  "latest"
13  affiliated spinoff brand, as if they were manufactured, sponsored and endorsed by
14  Cake™ as the "latest" Cake™ branded Delta-8 product.

15
16              
17
18
19
20
21                (Authentic Cake™ packaging)          (Packaging sold by Defendants)
22

23      48.    In a series of letters dated August 3, 2021, AKF's counsel sternly
24  admonished Defendants and all known distributors affiliated with PIE to cease and
25  desist all unlawful, unauthorized sales and promotion of the infringing PIE branded
26  products, and to comply with a series of demands, in writing, or AKF would initiate
27  legal action against them (the "PIE C&D Letters").   True and correct copies of the
28

1  PIE C&D Letters to Defendants and all potentially responsible distributors are
2  attached hereto as Exhibit K.

3      49.    Pursuant to the PIE C&D Letters, AKF expressly and unambiguously
4  terminated all actual or prospective business relationships between and among AKF
5  and its affiliates, on the one hand, and Defendants and their affiliates, on the other
6  hand, arising out of or relating to the AKF Payment, the POs, and Defendants'
7  purported inventory procurement fulfillment services involving ALD Group, and
8  otherwise, effective immediately, based on Defendants' fraudulent misconduct and
9  breaches of duties owed to AKF, and Defendants' willful infringement of AKF's
10 Cake™ branded Delta-8 products.

11     50.    Throughout the remainder of August 2021, AKF reasonably believed
12 Defendants acquiesced with AKF's demands and AKF elected not to initiate legal
13 action against Defendants at that time.  In September and October 2021, however,
14 AKF and its investigators grew suspicious that Defendants continued to
15 manufacture, market, distribute, and sell unauthorized, inauthentic counterfeit
16 Cake™ branded Delta-8 products, in willful disregard of AKF's stern
17 admonishments and demands in the PIE C&D Letters.  For example, on several
18 occasions in late August and early September 2021, several of AKF's authorized
19 distributors independently reported to Clelland that Defendants Que and LCF
20 claimed to be the "founding owner" and manufacturer, respectively, of Cake™
21 branded Delta-8 products during in-person meetings and conversations with Delta-8
22 wholesalers and distributors, at tradeshows and similar events.   These were
23 fraudulent misrepresentations which AKF's authorized distributors clearly witnessed
24 and overheard while standing nearby.

25     51.    Then, in September or October 2021, AKF discovered Defendants
26 surreptitiously and unlawfully launched the "www.cakehemp.com" website, and for
27 a period of several months, unlawfully utilized that website to actively and
28 continuously market and advertise, and presumably distribute and sell, unauthorized

15<br>VERIFIED COMPLAINT

1  counterfeit Cake™ branded Delta-8 products.  According to the applicable domain
2  name registry, Defendants registered the www.cakehemp.com domain name
3  anonymously, but Clelland specifically recalled several lengthy and detailed
4  discussions with Que in or around June 2021 regarding "www.cakehemp.com".

5       52.    Specifically, during an in-person meeting and several follow-up cell
6  phone communications in June 2021, Que recommended to Clelland that AKF
7  launch a Cake™ branded website to increase sales via online marketing and e-
8  commerce.  Que also suggested AKF utilize the website to post AKF's product
9  testing results for consumers to access.  Clelland declined and informed Que that
10  AKF management expressly resolved not to launch any form of Cake™ affiliated
11  website and resolved instead to avoid all e-commerce and online marketing for its
12  premium authentic Cake™ brand.  Instead, AKF reserved online marketing of
13  authentic Cake™ products as a privilege for certain key authorized distributors only,
14  as consideration for their services.  Que encouraged Clelland to reconsider, and then
15  specifically stated, "www.cakehemp.com is available" and "it is great domain."
16  Then he proceeded to show Clelland a mock-up of the cakehemp.com website,
17  which Que claimed was ready to "go live."  Clelland wrote Que a stern text
18  demanding that Que "Please take that site down immediately."

19       53.    When Clelland discovered the www.cakehemp.com website live and
20  operating in or around late September 2021 or early October 2021, AKF
21  immediately suspected Defendants actively participated in the Cake Counterfeiting
22  Network.  Thus, on September 28, 2021, AKF, through its counsel, sent another
23  letter to Defendants and expressly admonished them once again: (a) that AKF knew
24  Defendants were counterfeiting and willfully infringing AKF's Cake™ branded
25  products; (2) that Defendants were not authorized by AKF to produce Cake™
26  branded products; (3) that AKF specifically prohibited Defendants from using and
27  willfully infringing upon AKF's intellectual property for any purpose whatsoever;
28  and (4) that Defendants must cease and desist immediately or AKF would initiate

1   legal action against Defendants (the "September C&D Letter").  A true and correct
2   copy of the September C&D Letter is attached hereto as Exhibit L.

3        54.    Defendants failed to meaningfully respond in any way to the
4   September C&D Letter.  Having received no response from Defendants to the
5   September C&D Letter, AKF's attorneys caused Digital Ocean, the host of
6   "www.cakehemp.com," to immediately take down the website, and AKF instructed
7   its investigators to discover additional clear and convincing evidence of Defendants'
8   infringing activities, as quickly as possible, in contemplation of this lawsuit.  In
9   November 2021, AKF's investigators ultimately discovered such evidence.

10       55.    Specifically, on November 4, 2021, AKF investigators successfully
11   arranged to meet Que at LCF's facility in Ontario, California, ostensibly as
12   businessmen, to gather evidence and information regarding the nature and scope of
13   LCF's infringing and unlawful business activities, if possible.  During their visit,
14   AKF's investigators observed and photographed LCF's large industrial
15   manufacturing facility, outfitted with multiple freight loading bays in the rear of the
16   building, where several semi-trucks were parked, and a suite of executive offices at
17   the front of the building.  AKF's investigators ultimately entered Defendants' suite
18   of executive offices and interviewed Defendant Que and one of Defendants'
19   associates (the "LCF Agent").

20       56.    Among other facts, Defendant Que admitted the following facts to
21   AKF's investigators during their "meeting" and interview:

22      ■    Defendants have been manufacturing Cake™ branded Delta-8
23   products on a continuous and ongoing basis *for the last six months* (without AKF's
24   consent or authorization) and continue to do so today in willful disregard of AKF's
25   intellectual property rights and stern warnings in the September C&D Letter.

26      ■    Cake™ Delta-8 products were among the first Delta-8 products that
27   Defendants started manufacturing;

28

1    ▪    Defendants routinely manufacture and distribute counterfeit Cake™
2    disposable devices at a rate of ***125,000 units per day***;[4]

3    ▪    Defendants do not "close" or "shut down," and have a second shift that
4    just started; and

5    ▪    Defendants work with a company in China, shipping them the pieces,
6    which the Chinese company in turn assembles and ships back to Defendants as
7    completed product.

8        57.    During their conversation, Que acknowledged AKF's Cake™ branded
9    Delta-8 products have "become extremely popular," and that consumers "can find
10   [them] anywhere."  He also acknowledged Cake™ branded Delta-8 products are
11   "one of the most recognizable Delta-8 brands out there."

12       58.    In addition, AKF's investigators spoke to the LCF Agent separately
13   during their visit to the facility.  The LCF Agent expressly and independently
14   confirmed and admitted Defendants have been manufacturing unauthorized replicas
15   of AKF's Cake™ branded disposable devices "for the last six months."

16       59.    AKF's investigators also observed a case of Cake™ branded
17   disposable pens openly displayed on the LCF Agent's desk.  AKF investigators
18   utilized undercover video to capture photographs of the Cake™ branded products on
19   the LCF Agent's desk.

20       60.    The photographs below compare AKF's authentic Cake™ products
21   and Defendants' unauthorized counterfeit Cake™ products displayed on the LCF
22   Agent's desk.  The similarities between AKF's authentic product and the counterfeit
23   products sold by Defendants are striking:

24
25
26   ─────────────────
        [4] 125,000 units of the Cake™ disposable devices sell for more than
27   approximately $1 million (*per day*) at the customarily discounted $9-10 per unit
     pricing Defendants typically charge distributors for such products in the market.
28

 

**(Authentic Cake™ Packaging)  (Packaging sold by Defendants)**

61.    AKF is informed and believes Defendants' unauthorized Cake™ branded products, on display at the LCF plant and photographed above (the "White Cake Products"), are counterfeit replicas of authentic Cake™ products.  AKF is so informed and does so believe because AKF stopped manufacturing, distributing and selling *all* authentic White Cake Products (depicted in the photo on the left, above) no later than *July 2021*.  Therefore, the White Cake Products on display at Defendant LCF's plant are either: (1) expired and outdated authentic White Cake Products utilized by Defendants to falsely designate AKF as the origin of their counterfeit inauthentic replicas of Cake™ branded products; or (2) an inauthentic counterfeit replica of White Cake Products which Defendants continue to unlawfully manufacture to date.

62.    Additionally, in communications between AKF's counsel in China and ALD Group in early December, and in a text message from ALD Group to Clelland dated December 6, 2021, AKF learned for the first time that: (1) Defendants paid ALD Group a total of *only $1.5 million* toward the POs and pocketed the remainder

1  of the $4 million AKF Payment; and (2) in mid-October 2021, Defendants
2  fraudulently induced ALD Group to ship *125,000 units* of Cake™ branded goods to
3  Defendant LCF for receipt in Los Angeles, California, without AKF's knowledge or
4  authorization, and in violation of AKF's written demands to Defendants dated
5  August 3, 2021 and September 28, 2021, to immediately cease and desist importing,
6  manufacturing, selling or distributing any Cake™ branded goods, described below.

7      63.   Thus, Defendants continuously and systematically have utilized their
8  industrial manufacturing facilities located in Ontario and Anaheim, California, and
9  their offshore banking facilities in Hong Kong, to import, manufacture, sell and
10  distribute as many as *125,000 units per day* of inauthentic, unauthorized Cake™
11  branded Delta-8 products, as "master suppliers" of the Cake Counterfeiting
12  Network, since the inception of the parties' relationship.[5]  Que failed to disclose to
13  AKF that Defendants actively participated in the Cake Counterfeiting Network as a
14  "master supplier" when the parties met in May 2021, or at any time thereafter.

**E.   DEFENDANTS' COUNTERFEITING DRIVES PLAINTIFF
     AKF'S LEGITIMATE PRODUCT LINES OUT OF THE
     MARKET**

18      64.   At or around the same time the AKF Investigators' report revealed the
19  pervasiveness of Defendants' counterfeiting activities, AKF's Authorized
20  Distributors also first reported to Clelland that "overnight" they were unable to sell
21  any Cake™ 510 Carts or Cake™ Gummies in any market.  According to AKF's
22  Authorized Distributors, they could not sell Cake™ 510 Carts or Cake™ Gummies
23  expressly because wholesalers and distributors throughout the Delta-8 market all
24  reported previously purchasing their entire monthly requirements of these products
25  from an unknown, unauthorized manufacturer(s), at much lower prices.

[5] Defendants charge $10 per unit for their counterfeit Cake™ branded devices, so Defendants' illicit, unlawful counterfeiting activities generated over $1 million per day.

65. Currently, AKF no longer can cost-effectively manufacture Cake™ Carts or Cake™ Gummies, given AKF's expensive quality control and testing requirements. AKF stopped all production of these two product lines within the past month as a result.

66. Based upon: (a) Clelland's discovery of the www.cakehemp.com website, which featured Cake™ 510 Carts prominently; (b) the AKF Investigators' report, described above, wherein Defendant Que admitted that he and LCF produce over 125,000 units daily of counterfeit, inauthentic, unauthorized Cake™ branded Delta-8 products; (c) AKF's Authorized Distributors' reports regarding their inability to sell *any* of AKF's popular product lines, Cake™ 510 Carts and Cake™ Gummies; and (d) Clelland's past recollections of events involving these Defendants, as alleged herein, AKF now reasonably believes Defendants LCF and Que are manufacturing these product lines.

**F.   LCF'S UNDISCLOSED CHAPTER 11 BANKRUPTCY AND RELATED FRAUD UPON THE BANKRUPTCY COURT AND AKF**

67. Additionally, AKF discovered Defendant LCF filed for Chapter 11 bankruptcy in 2020, and its bankruptcy proceedings remained open, pending and ongoing throughout the period from May through July 2020, when Defendants, including LCF, engaged in a number of financial transactions with AKF and its affiliates.

68. Defendants failed to ever mention to AKF or any of its affiliates that LCF was in Chapter 11 bankruptcy and that all of its financial dealings strictly were subject to Bankruptcy Court oversight and approval as a result. Instead, Defendants willfully defrauded its creditors, AKF, and the Bankruptcy Court by directing AKF to pay the lion's share of its multimillion-dollar payments for Defendants' procurement "brokerage" services to their "Homesun" offshore banking facility in Hong Kong. Upon information and belief, Defendants directed AKF to pay the

1  vast majority of the consideration for its "brokerage" services agreement to
2  Defendant Homesun in Hong Kong strictly to avoid the purview of the Bankruptcy
3  Court and defraud its creditors.

4      69.   Moreover, AKF never would have entertained any business
5  relationship of any kind with Defendants had they disclosed the critically material
6  fact that LCF was in bankruptcy.  By willfully concealing this information from
7  AKF to induce it to enter into the brokerage services agreement, Defendants
8  defrauded AKF and caused it substantial damages as a result in an amount
9  according to proof at trial.

**G.  DEFENDANTS SUPPLIED COUNTERFEIT CAKE™ BRANDED DELTA-8 PRODUCTS THAT ARE AT ISSUE IN ANOTHER LAWSUIT PENDING BEFORE THIS COURT**

13      70.   On June 10, 2021, AKF filed an action against Boyd Street Distro
14  LLC, captioned *AK Futures LLC v. Boyd Street Distro LLC*, Case No.
15  8:21–cv–01027–JVS–ADS, which was assigned to this Court (the "Boyd Street
16  Action").  In the Boyd Street Action, AKF similarly alleges defendant Boyd Street
17  Distro LLC ("Boyd Street") has engaged in counterfeiting and willful infringement
18  of AKF's intellectual property rights in its popular Cake™ brand Delta-8 products.
19  The complaint alleges that Boyd Street advertises and offers for sale inauthentic
20  Cake™ Delta-8 products, including replicas of AKF's Cake™ branded packaging
21  and reproductions of AKF's copyrighted stylized design logo and AKF's Cake™
22  marks.

23      71.   In the Boyd Street Action, defendant Boyd Street admitted in its
24  verified discovery responses and document production that Nxxt 2 Zero Inc. dba
25  Rehab Glass ("Rehab Glass") supplied Defendant Boyd Street with all counterfeit
26  Cake™ branded Delta-8 products at issue in the Boyd Street Action (the "BS
27  Counterfeits").   AKF is informed and believes that, at all relevant times, Rehab
28  Glass operated, and continues to operate, as one of Defendants' many direct

1    distributors of Defendants' counterfeit Cake™ branded Delta-8 products.  On this

2    basis, AKF is informed and believes Defendants manufactured and indirectly

3    supplied Boyd Street—another counterfeiting defendant before the Court—via

4    Rehab Glass, with all BS Counterfeits at issue in the Boyd Street Action.

5        **H.    CONSUMER CONFUSION AND HARM CAUSED BY**
         **COUNTERFEITS**
6

7        72.    Defendants  actively  are  manufacturing,  importing,  advertising,

8    marketing, offering to sell, and have sold and distributed large volumes of vaping

9    products that bear confusingly similar imitations of the Cake™ marks.  Defendants

10   also falsely hold themselves out as the "sole source" of authentic Cake™ branded

11   Delta-8 products, and admittedly have manufactured and sold substantial volumes

12   of unauthorized Cake™ branded Delta-8 products in interstate commerce since

13   May 2021.

14       73.    Finally,  when  Clelland  discovered  Defendants'  unauthorized

15   www.cakehemp.com website, he specifically noticed that the counterfeit Cake™

16   510 Carts offered for sale online at "cakehemp.com", and that the other counterfeit

17   Cake™ branded Delta-8 products displayed on the site, all utilized fake "Cake™"

18   branded stickers with bar codes.  The use of bar codes to link consumers to a

19   particular product's "Certificates of Analysis"[6] was not new or unusual.  Clelland

20   recognized the stickers, however, and after scrolling through his phone for an

21   extended period, discovered a text from Que dated in June 2021, in which Que had

22   attached a .jpg photograph of the exact same stickers, which is pasted below.  At

23   that time in June 2021, Que had been pushing the idea of the cakehemp.com

24   website on Clelland and AKF, which Clelland refused.  Clelland immediately

25   recalled that Que not only "reserved" the "cakehemp.com" website in June 2021,

26

27       [6] A Certificate of Analysis or "COA" is a certification by a licensed
     laboratory setting forth the test results regarding a Delta-8 product's contents.
28

but that he also created a large "sample" set of stickers which he proposed should be "linked" to the site via "bar codes." In or around November 2021, Clelland saw these same stickers on the Cake™ 510 Carts offered for sale on the cakehemp.com website.

74.    Thus, over five months after Clelland expressly prohibited Que from doing so, Defendants continued to utilize cakehemp.com and Que's "stickers" to the sell replicas of inauthentic, unauthorized Cake™ branded Delta-8 products. Through these activities, Defendants are intentionally deceiving customers into believing that they are receiving authentic Cake™ branded Delta-8 products developed, manufactured, quality controlled, screened and tested by AKF or another party affiliated with, or authorized, licensed, or approved by AKF:



**Authentic Cake™ Products**



**Unauthorized Cake "COA" Stickers Linked to Cakehemp.com via Barcodes**

75.    In addition to being inauthentic, the quality, performance, and safety of Defendants' products are unknown or of inferior quality to the claims posted on Que's cakehemp.com website, endangering consumers and AKF with great potential harm. AKF regularly tests its products for potency, which is part of

1  AKF's expensive quality control system.  It also periodically conducts full-panel
2  testing for pesticides and other contaminates.  AKF is unable to screen or test
3  Defendants' products before they reach consumers.  The inauthentic products are
4  not subject to AKF's quality control standards.  They may be made or assembled
5  using unknown or unsafe products or components, causing harm to consumers and
6  those around them.

7       76.    Consumers are harmed by Defendants' unlawful conduct because they
8  receive inauthentic products, which are at risk of being of lower quality, less
9  reliable, and less safe than the high-quality, genuine Cake™ branded Delta-8
10  products they expect.

11       77.    Consumers and the public are likely to associate any negative or
12  unsafe qualities of these inauthentic products with AKF and the Cake™ marks.
13  These negative associations cause irreparable harm to AKF and damage the
14  reputation of the Cake™ brand, in which AKF has invested heavily.

15       78.    Defendants' distribution and sales of infringing product also deprive
16  AKF of revenue and profits from sales of its authentic Cake™ branded Delta-8
17  products.

18       79.    AKF has not authorized Defendants to manufacture, advertise,
19  distribute, or sell any Cake™ products or any products bearing the Cake™ marks.
20  AKF also has not granted Defendants a license to use the Cake™ marks.

21                          **FIRST CLAIM FOR RELIEF**

22  **(Copyright Infringement, 17 U.S.C. § 101 et seq., Against All Defendants)**

23       80.    AKF incorporates the allegations in paragraphs 1 through 79 above as
24  if set forth fully herein.

25       81.    AKF's cake design logo bearing U.S. Copyright Registration No. VA
26  2-247-632, attached hereto as Exhibit A, is an original work of authorship protected
27  by the Copyright Act.  AKF is the registrant and rights holder to the copyright in
28  this work with authority to sue to enforce its copyright in the work.

82.   Without the consent, approval, or license of AKF, Defendants have manufactured, distributed, offered for sale, and sold infringing reproductions of AKF's Cake™ products, including unauthorized reproductions of AKF's copyrighted Cake design logo.  These activities have infringed and are continuing to infringe valid, federally registered copyright in AKF's work.

83.   The activities of Defendants described above have caused and continue to cause substantial injury to AKF, including irreparable harm for which there is no adequate remedy.

84.   Defendants' infringing activities were willful and performed in conscious disregard of AKF's rights.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin, 15 U.S.C. 1125(a), Against All Defendants)**

85.   AKF incorporates the allegations in paragraphs 1 through 84 above, as if set forth fully herein.

86.   Defendants' advertising, offering for sale, and sale of counterfeit or unauthorized Cake™ products bearing the Cake™ marks constitute false designations of origin and false descriptions and representations, and are likely to cause confusion, mistake, and to deceive consumers by creating the false impression that AKF and the Cake™ products are affiliated, connected, or associated with Defendants or their goods, or that Defendants' products are approved, licensed, endorsed, or sponsored by AKF.

87.   Defendants' acts constitute the use of a false designation of origin, a false description, and a false representation that Defendants' goods are AKF's, are identical to or interchangeable with AKF's goods, or are in some way approved, sponsored, authorized by, or affiliated with AKF.

88.   With full knowledge of such falsity, Defendants have sold and continue to sell such merchandise in interstate commerce in such manner as to

1  cause confusion or mistake among the public and to deceive the public, resulting in
2  Defendants' profit and causing AKF great damage and injury. Defendants' above-
3  mentioned acts constitute deliberate and intentional violations of Section 43 of the
4  Lanham Act, and justify an award of trebled damages.

5      89.    Defendants' above-described conduct is causing irreparable harm to
6  AKF and the Cake™ brand, for which there is no adequate remedy at law.

7                           **THIRD CLAIM FOR RELIEF**
8          **(California False Advertising, Cal. Bus. & Prof. Code § 17500**
9                          **Against All Defendants)**

10     90.    AKF incorporates the allegations in paragraphs 1 through 89 above as
11 if set forth fully herein.

12     91.    Defendants have knowingly and willfully made false or misleading
13 statements in connection with the sale of their inauthentic products.

14     92.    In advertising and promoting their products, Defendants knew or, with
15 the exercise of reasonable care, should have known, that their statements were false
16 and misleading.

17     93.    As a direct, proximate, and foreseeable result of Defendants making
18 these false and misleading statements, AKF has suffered, and will continue to
19 suffer, irreparable harm to its individual brand, reputation and goodwill. AKF has
20 no adequate remedy at law to compensate for these substantial injuries and is thus
21 entitled to injunctive relief.

22     94.    As a direct, proximate, and foreseeable result of Defendants making
23 these false and misleading statements, AKF has suffered and will continue to suffer
24 money damages in an amount to be proven at trial.

25     95.    This cause of action enforces one or more important rights affecting
26 the public interest and confers a significant benefit on the general public, or at least
27 the large class of persons interested in Delta-8 products. Accordingly, AKF is

28

1   entitled to an attorney's fee award under California Code of Civil Procedure section
2   1021.5.

3                        **FOURTH CLAIM FOR RELIEF**
4       **(California Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*,**
5                           **Against All Defendants)**

6           96.    AKF incorporates the allegations in paragraphs 1 through 95 above, as
7   if set forth fully herein.

8           97.    As stated above, Defendants' conduct is likely to cause confusion as to
9   the origin, authorization, authenticity, and sponsorship of the vaping products being
10  manufactured, imported, advertised, sold, and distributed by Defendants.   The
11  above-described conduct of Defendants is intended to produce and has produced
12  substantial profits for Defendants at the expense of AKF and to the detriment of the
13  integrity of the Cake™ brand.

14          98.    Defendants' above-described conduct constitutes unlawful, unfair, and
15  fraudulent business practices in violation of California Business & Professions
16  Code sections 17200 *et seq.*

17          99.    AKF has lost money and suffered substantial injury as a result of
18  Defendants' wrongful acts.    Defendants' misconduct also has caused, and is
19  continuing to cause, irreparable injury to AKF for which there is no adequate
20  remedy at law.

21          100.  This cause of action enforces one or more important rights affecting
22  the public interest and confers a significant benefit on the general public, or at least
23  the large class of persons interested in Delta-8 products. Accordingly, AKF is
24  entitled to an attorney's fee award under California Code of Civil Procedure section
25  1021.5.

26

27

28

**FIFTH CLAIM FOR RELIEF**

**(Fraud Against All Defendants)**

101. AKF incorporates the allegations in paragraphs 1 through 100 above, as if set forth fully herein.

102. As stated above, Defendants fraudulently induced AKF to enter into a business relationship with them, whereby Defendants received several million dollars to procure inventory on AKF's behalf from ALD Group in China. AKF never would have entered into any business relationship with Defendants had they disclosed the critical material facts that: (a) Defendants were participants in the Cake Counterfeiting Network; (b) LCF was in Chapter 11 bankruptcy, which remained ongoing and pending throughout the parties' financial dealings; and (c) Defendants sought to procure authentic Cake™ products bearing the Cake™ marks to advance the expertise, manufacturing prowess, distribution network and consumer acceptance of the Cake Counterfeiting Network. The above-described conduct of Defendants is intended to produce and has produced substantial profits for Defendants at the expense of AKF and to the detriment of the integrity of the Cake™ brand, Defendants' creditors, and the Bankruptcy Court.

103. Defendants' above-described conduct constitutes unlawful, intentional fraud.

104. AKF has lost money and suffered substantial injury as a result of Defendants' wrongful acts. Defendants' misconduct also has caused, and is continuing to cause, irreparable injury to AKF for which there is no adequate remedy at law.

105. Each Defendant knew of the probable injurious consequences of his/its conduct and deliberately failed to avoid them. Defendants intentionally performed one or more acts which they knew, or should have known, were highly likely to result in harm to AKF. As a result, each Defendant herein is guilty of oppression, fraud, or malice, as those terms are used in California Civil Code section 3294.

1

**PRAYER FOR RELIEF**

2      WHEREFORE, AKF requests that the Court enter judgment and other relief

3   in its favor and against Defendants as follows:

4      A.    That Defendants, their officers, directors, agents, employees,

5   representatives and all persons, firms and corporations in active concert or

6   participation with any of them, be preliminarily and permanently enjoined from

7   counterfeiting, infringing, distributing, or otherwise using without AKF's

8   authorization the Cake™ marks and any AKF's copyrighted designs, by

9   manufacturing or causing to be manufactured, importing or causing to be imported,

10  reproducing or causing to be reproduced, purchasing or causing to be purchased,

11  distributing or causing to be distributed, advertising or causing to be advertised, or

12  offering for sale or selling, any counterfeit or infringing products bearing the

13  Cake™ marks, or any confusingly similar mark;

14     B.    Judgment in favor of AKF that Defendants infringed AKF's copyright

15  rights under 17 U.S.C. § 101 *et seq.*;

16     C.    Judgment in favor of AKF that Defendants compete unfairly with AKF

17  and employed false designations of origin, including product packaging and trade

18  dress, all in violation of AKF's rights under 15 U.S.C. § 1125 and California Bus.

19  & Prof. Code § 17200;

20     D.    Judgment in favor of AKF that Defendants made false and misleading

21  statements and falsely and misleadingly advertised their counterfeit products, in

22  violation of AKF's rights under California Bus. & Prof. Code § 17500;

23     E.    On the First Claim for Relief, AKF be awarded statutory damages for

24  infringement of its registered copyright of up to $150,000 for willful infringement

25  pursuant to 17 U.S.C. § 504(c) or, at AKF's election, an award of its actual

26  damages incurred, including all profits of Defendants obtained in connection with

27  their infringing activities, or in the alternative;

28

1    F.    On the Second Claim for Relief, Defendants be ordered, pursuant to

2    Section 34 of the Trademark Act, 15 U.S.C. § 1116, to file with the Court and serve

3    upon AKF's counsel, within 30 days of the entry of the injunctions and orders

4    prayed for herein, a written report setting forth under oath and in detail the manner

5    in which they have complied with the injunctions and orders requested herein;

6    G.    On the Second Claim for Relief, AKF be awarded up to three times the

7    amount of actual damages sustained by it as a result of Defendants' acts, including

8    any lost profits sustained by AKF or profits unlawfully realized by Defendants;

9    H.    On all claims for relief, (i) Defendants be required to deliver

10   immediately to AKF for destruction all counterfeit or infringing merchandise

11   bearing the Cake™ marks, or any confusingly similar mark or designation of

12   origin; and (ii) the seizure and impoundment of the same as may be authorized by

13   Section 34 of the Trademark Act [15 U.S.C. § 1116(d)(2) to (11)], 17 U.S.C. § 503

14   of the Copyright Act, Federal Rules Of Civil Procedure 64 and 65, and other

15   relevant court rules or statutes;

16   I.    On all claims for relief, (i) Defendants further be required to deliver to

17   AKF for destruction all computer files, digital files, computer discs, master copies,

18   print molds, dye cuts or other materials or instrumentalities used to manufacture

19   counterfeit or infringing merchandise bearing the Cake™, as well as all labels,

20   signs, prints, packages, receptacles, promotional and other material in their

21   possession, custody or control that display or promote counterfeit or infringing

22   merchandise bearing the Cake™ marks, or any confusingly similar mark or

23   designation of origin; and (ii) the seizure and impoundment of the same as may be

24   authorized by Section 34 of the Trademark Act [15 U.S.C. § 1116(d)(2) to (11)], 17

25   U.S.C. § 503 of the Copyright Act, Federal Rules Of Civil Procedure 64 and 65,

26   and other relevant court rules or statutes;

27   J.    On all claims for relief, Defendants be ordered to provide an

28   accounting of all revenues and profits obtained by them as a result of their

31
VERIFIED COMPLAINT

1  counterfeiting, copyright infringement, unfair competition and other violations, as

2  alleged herein;

3       K.    On the First and Second Claims for Relief, AKF be awarded its

4  attorney's fees and costs pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505;

5       L.    On the Third and Fourth Claims for Relief, AKF be awarded its

6  attorney's fees as private attorney general pursuant to Code of Civil Procedure

7  §1021.5, as public consumers have a significant interest in the protection of their

8  health and well-being derived from the prosecution of these claims;

9       M.    On the Third and Fourth Claims for Relief, the Court grant restitution

10  to AKF, including the disgorgement of all monies obtained by Defendants through

11  the unlawful sales or distribution of counterfeit, unauthorized or infringing goods;

12       N.    On the Fifth Claim for Relief, AKF be awarded general and special

13  and consequential damages in tort under California law, damages for fraud under

14  California law, and punitive damages; and

15       O.    Such other and further relief the Court deems just and proper.

16                      **<u>DEMAND FOR JURY TRIAL</u>**

17       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, AKF

18  demands trial by jury on all issues raised by the Complaint.

19

20  Dated:    December 22, 2021       THE FROST FIRM
                                     THOMAS C. FROST
21                                   JONATHAN A. STEIN
                                     ERIK M. IDETA
22

23

24                                   By:    _/s/ Thomas C. Frost, Esq._
                                           Thomas C. Frost, Esq.
25
                                           Attorneys for Plaintiff
26                                         AK FUTURES LLC

27

28

## **VERIFICATION**

I, James Clelland, declare:

1.     I am the Managing Member of Plaintiff AK Futures LLC ("AKF") in this action.  I have been duly authorized by AKF, with full authority to cause AKF to bring this action and to verify the Complaint appended hereto.

2.     I have read the attached Verified Complaint and the factual allegations contained therein are known by me to be true, unless otherwise stated on information and belief, in which instances I am so informed and do so believe.

This Verification was made in Miami, Florida, under penalty of perjury under the laws of the United States, this 22nd Day of December 2021.


_____
JAMES CLELLAND

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-247-632

**Effective Date of Registration:**
April 14, 2021
**Registration Decision Date:**
April 16, 2021

---

## Title

**Title of Work:** Cake Design Logo

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** October 23, 2020
**Nation of 1st Publication:** United States

## Author

- **Author:** James Clelland
  **Author Created:** 2-D artwork
  **Citizen of:** United States

- **Author Created:** 2-D artwork
  **Domiciled in:** United States
  **Anonymous:** Yes

## Copyright Claimant

**Copyright Claimant:** AK FUTURES LLC
15 Macarthur Place, Unit 1401, Santa Ana, CA, 92707, United States
**Transfer statement:** By written agreement

## Rights and Permissions

**Name:** Matthew Miller
**Email:** matt@millermlaw.com
**Telephone:** (858)755-6688
**Alt. Telephone:** (858)349-0511
**Address:** 755 Fresca Court

Page 1 of 2

**EXHIBIT G**
**PAGE 84**

Solana Beach, CA 92075 United States

## Certification

| | |
|---|---|
| **Name:** | Matthew Miller |
| **Date:** | April 14, 2021 |
| **Applicant's Tracking Number:** | 6066 |

**Correspondence:**   Yes

**EXHIBIT G**
**PAGE 85**



EXHIBIT G
PAGE 86

# Exhibit B



No. 01396084

# 作品登记证书

登记号：国作登字-2021-F-00163270

转让方：James Clelland

受让方：AK FUTURES LLC

涉及作品：Cake Design Logo and CAKE Stylized Logos

合同权利范围：复制权,发行权,出租权,展览权,表演权,放映权,广播权,信息网络传播权,摄制权,改编权,翻译权,汇编权,其他

合同地域范围：全球

合同期限：自2021年04月14日永久转让

以上事项，由AK FUTURES LLC申请，经中国版权保护中心审核，根据《作品自愿登记试行办法》规定，予以登记。

登记机构签章

登记日期：2021年07月19日

中华人民共和国国家版权局统一监制

**Work Registration Certificate**

No. 01396084

**Registration No.:** Guo Zuo Deng Zi-2021-F-00163270

**Assignor:** James Clelland

**Assignee:** AK FUTURES LLC

**Work:** Cake Design Logo and CAKE Stylized Logos

**Rights Transferred:** right of reproduction, right of distribution, right of lease, right of exhibition, right of performance, right of presentation, right of broadcasting, right of transmission through information network, right of cinematography, right of adaptation, right of translation, right of compilation, and others

**Contract Territory:** Global

**Contract Term:** Permanent as of April 14, 2021

Said information filed by AK FUTURES LLC was examined by the Copyright Protection Center of China and registered according to the *Provisional Rules on Voluntary Registration of Works.*

**Registration Date:** July 19, 2021

National Copyright Office of China (Seal)

1.



2.

✕　　中国版权登记查询服务平台　　•••

登记号：　国作登字-2021-F-00163270

作品名称：　Cake Design Logo and CAKE Stylized Logos

受让方：　AK FUTURES LLC

作品类别：　美术作品

合同权力范围：　全部权利

合同地域范围：　全球

合同期限：　2021年04月14日-永久

作品样本：





# Exhibit C

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90399839**
**Filing Date: 12/21/2020**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| | |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| **\*MARK** | CAKE |
| **\*STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | CAKE |
| **\*MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| **\*OWNER OF MARK** | Clelland, James |
| **\*MAILING ADDRESS** | 15 Macarthur Place, Unit 1401 |
| **\*CITY** | Santa Ana |
| **\*STATE** (Required for U.S. applicants) | California |
| **\*COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **\*ZIP/POSTAL CODE** (Required for U.S. and certain international addresses) | 92707 |
| **PHONE** | 619-822-1740 |
| **\*EMAIL ADDRESS** | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| **\*TYPE** | INDIVIDUAL |
| **\* COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF CITIZENSHIP** | United States |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **\*INTERNATIONAL CLASS** | 034 |
| | Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic |

| *IDENTIFICATION | cigarette cartridges; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Flavourings, other than essential oils, for use in electronic cigarettes |
|---|---|
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/01/2020 |
| FIRST USE IN COMMERCE DATE | At least as early as 12/01/2020 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT18\IMAGEOUT 18\903\998\90399839\xml1 \ FTK0003.JPG |
| SPECIMEN DESCRIPTION | Specimen shows trademark in use on packaging for electronic smoking product. |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| **ATTORNEY INFORMATION** | |
| NAME | Shawn Leo |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | The Frost Firm |
| STREET | 110 W A Street, Suite 1100 |
| CITY | San Diego |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92101 |
| PHONE | 619-822-1741 |
| EMAIL ADDRESS | sleo@thefrostfirm.com |
| OTHER APPOINTED ATTORNEY | Thomas Frost |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Shawn Leo |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | sleo@thefrostfirm.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | tfrost@thefrostfirm.com |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |

| NUMBER OF CLASSES | 1 |
|---|---|
| APPLICATION FOR REGISTRATION PER CLASS | 225 |
| *TOTAL FEES DUE | 225 |
| *TOTAL FEES PAID | 225 |
| SIGNATURE INFORMATION | |
| * SIGNATURE | /Shawn Leo/ |
| * SIGNATORY'S NAME | Shawn Leo |
| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
| SIGNATORY'S PHONE NUMBER | 858-284-0660 |
| * DATE SIGNED | 12/21/2020 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1478 (Rev. 09/2006)
OMB No. 0651-0009 (Exp 12/28/2021)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90399839**
**Filing Date: 12/21/2020**

**To the Commissioner for Trademarks:**

**MARK:** CAKE (Standard Characters, see mark)
The literal element of the mark consists of CAKE. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, James Clelland, a citizen of United States, having an address of
   15 Macarthur Place, Unit 1401
   Santa Ana, California 92707
   United States
   619-822-1740(phone)
   XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 034:  Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Flavourings, other than essential oils, for use in electronic cigarettes

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 034, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 12/01/2020, and first used in commerce at least as early as 12/01/2020, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Specimen shows trademark in use on packaging for electronic smoking product..
Specimen File1

The owner's/holder's proposed attorney information: Shawn Leo. Other appointed attorneys are Thomas Frost. Shawn Leo of The Frost Firm, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, and the attorney(s) is located at
   110 W A Street, Suite 1100
   San Diego, California 92101
   United States
   619-822-1741(phone)
   sleo@thefrostfirm.com

Shawn Leo submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:
   Shawn Leo
   PRIMARY EMAIL FOR CORRESPONDENCE: sleo@thefrostfirm.com
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): tfrost@thefrostfirm.com

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**
   **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

   **And/Or**
   **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Shawn Leo/  Date: 12/21/2020
Signatory's Name: Shawn Leo
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-284-0660
Payment Sale Number: 90399839
Payment Accounting Date: 12/21/2020

Serial Number: 90399839
Internet Transmission Date: Mon Dec 21 19:51:37 ET 2020
TEAS Stamp: USPTO/FTK-XX.XX.XX.XX-20201221195137415 8
94-90399839-7503de0d4fbf40d7d7da15f6eafa
1da5ba34a1e958c33447136687f29ef3a92-CC-5
1369061-20201221185626448839

# CAKE



PTO- 1966
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Voluntary Amendment

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 90399839 |
| **MARK SECTION** | |
| **MARK** | mark |
| **LITERAL ELEMENT** | CAKE |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| **INTERNATIONAL CLASS** | 034 |
| **DESCRIPTION** | |
| Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Flavourings, other than essential oils, for use in electronic cigarettes | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 12/01/2020 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 12/01/2020 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| **INTERNATIONAL CLASS** | 034 |
| **DESCRIPTION** | |
| Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Flavourings, other than essential oils, for use in electronic cigarettes | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 10/23/2020 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 10/23/2020 |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **CORRESPONDENCE INFORMATION (current)** | |
| **NAME** | Matthew Miller |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | matt@millermlaw.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **CORRESPONDENCE INFORMATION (proposed)** | |

Exhibit A, Page 28

| NAME | Matthew Miller |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **SIGNATURE SECTION** | |
| DECLARATION SIGNATURE | /james clelland/ |
| SIGNATORY'S NAME | James Clelland |
| SIGNATORY'S POSITION | Owner |
| SIGNATORY'S PHONE NUMBER | 8584010581 |
| DATE SIGNED | 04/13/2021 |
| SIGNATURE METHOD | Sent to third party for signature |
| RESPONSE SIGNATURE | /Matthew Miller/ |
| SIGNATORY'S NAME | Matthew Miller |
| SIGNATORY'S POSITION | Attorney of record, California Bar member. |
| SIGNATORY'S PHONE NUMBER | 8587556688 |
| DATE SIGNED | 04/13/2021 |
| ROLE OF AUTHORIZED SIGNATORY | Authorized U.S.-Licensed Attorney |
| SIGNATURE METHOD | Signed directly within the form |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Apr 13 17:32:16 ET 2021 |
| TEAS STAMP | USPTO/PRA-XXXX:XXXX:XXXX:<br>XXXX:XXX:XXXX:XXXX:XXXX-2<br>0210413173216202748-90399<br>839-770a9d06c5e6e4efb1cc5<br>e58a94857b02874ca9e5c2633<br>3b64a90dfcdbfa51587-N/A-N<br>/A-20210408174241348423 |

PTO- 1988
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Voluntary Amendment

### To the Commissioner for Trademarks:

Application serial no. **90399839** CAKE(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/90399839/large) has been amended as follows:

### CLASSIFICATION AND LISTING OF GOODS/SERVICES

### Applicant proposes to amend the following:

### Current:
Class 034 for Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Flavourings, other than essential oils, for use in electronic cigarettes

Exhibit A, Page 29

**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 12/01/2020 and first used in commerce at least as early as 12/01/2020 , and is now in use in such commerce.

**Proposed:**
Class 034 for Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Flavourings, other than essential oils, for use in electronic cigarettes
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 10/23/2020 and first used in commerce at least as early as 10/23/2020 , and is now in use in such commerce.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Correspondence Information (current):**
    Matthew Miller
    PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Correspondence Information (proposed):**
    Matthew Miller
    PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**SIGNATURE(S)**
**Declaration Signature**

**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU:** If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and

had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**


Signature: /james clelland/    Date: 04/13/2021
Signatory's Name: James Clelland
Signatory's Position: Owner
Signatory's Phone Number: 8584010581

Signature method: Sent to third party for signature

**Voluntary Amendment Signature**
Signature: /Matthew Miller/    Date: 04/13/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member.

Signatory's Phone Number: 8587556688 Signature method: Signed directly within the form

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter; the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   Matthew Miller
 Law Offices of Matthew Miller

 755 Fresca Ct.
 Solana Beach, California 92075
Mailing Address:   Matthew Miller
 Law Offices of Matthew Miller
 755 Fresca Ct.
 Solana Beach, California 92075

Serial Number: 90399839
Internet Transmission Date: Tue Apr 13 17:32:16 ET 2021
TEAS Stamp: USPTO/PRA-XXXX:XXXX:XXXX:XXXX:XXX:XXXX:X
XXX:XXXX-20210413173216202748-90399839-7
70a9d06c5e6e4efb1cc5e58a94857b02874ca9e5
c26333b64a90dfcdbfa51587-N/A-N/A-2021040
8174241348423

# Exhibit D

PTO- 1478
Approved for use through 02/28/2021. OMB 0651-0009
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90584363**
**Filing Date: 03/17/2021**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| **\*MARK** | CAKED |
| **\*STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | CAKED |
| **\*MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| **\*OWNER OF MARK** | James Clelland |
| **\*MAILING ADDRESS** | 15 Macarthur Place, Unit 1401 |
| **\*CITY** | Santa Ana |
| **\*STATE** (Required for U.S. applicants) | California |
| **\*COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **\*ZIP/POSTAL CODE** (Required for U.S. and certain international addresses) | 92707 |
| **\*EMAIL ADDRESS** | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| **\*TYPE** | INDIVIDUAL |
| **\* COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF CITIZENSHIP** | United States |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **\*INTERNATIONAL CLASS** | 034 |
| | Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes |

| *IDENTIFICATION | and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes |
|---|---|
| *FILING BASIS | SECTION 1(b) |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| **ATTORNEY INFORMATION** | |
| NAME | Matthew Miller |
| ATTORNEY DOCKET NUMBER | 6066 |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Law Offices of Matthew Miller |
| STREET | 755 Fresca Ct. |
| CITY | Solana Beach |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92075 |
| PHONE | 858-755-6688 |
| EMAIL ADDRESS | matt@millermlaw.com |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Matthew Miller |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |
| *TOTAL FEES PAID | 250 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Matthew Miller/ |

| * SIGNATORY'S NAME | Matthew Miller |
|---|---|
| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
| SIGNATORY'S PHONE NUMBER | 858-755-6688 |
| * DATE SIGNED | 03/17/2021 |
| SIGNATURE METHOD | Signed directly within the form |

PTO-1478
Approved for use through 02/28/2021. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90584363**
**Filing Date: 03/17/2021**

## To the Commissioner for Trademarks:

**MARK:** CAKED (Standard Characters, see mark)
The literal element of the mark consists of CAKED. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, James Clelland, a citizen of United States, having an address of

    15 Macarthur Place, Unit 1401
    Santa Ana, California 92707
    United States
    XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 034:  Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

The owner's/holder's proposed attorney information: Matthew Miller. Matthew Miller of Law Offices of Matthew Miller, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at

    755 Fresca Ct.
    Solana Beach, California 92075
    United States
    858-755-6688(phone)
    matt@millermlaw.com
The docket/reference number is 6066.
Matthew Miller submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:

    Matthew Miller

    PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).
A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

### Declaration

  ☑ **Basis:**
    **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Matthew Miller/   Date: 03/17/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-755-6688
Signature method: Signed directly within the form
Payment Sale Number: 90584363
Payment Accounting Date: 03/17/2021

Serial Number: 90584363
Internet Transmission Date: Wed Mar 17 12:37:47 ET 2021
TEAS Stamp: USPTO/FTK-XXXX:XXXX:XXXX:XXXX:XXXX:XXXX:
XXXX:XXXX-20210317123747389988-90584363-
77042b4dd9ce914fb2fb321d5f1f9bee2f166438
b2fbc88ae614193239bdf8-CC-37460763-20210
317121808025208

# CAKED

# Exhibit E

PTO: 1478
Approved for use through 02/28/2021. OMB 0651-0009
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number:** 90584410
**Filing Date:** 03/17/2021

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | CAKED8 |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | CAKED8 |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | James Clelland |
| *MAILING ADDRESS | 15 Macarthur Place, Unit 1401 |
| *CITY | Santa Ana |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 92707 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | INDIVIDUAL |
| * COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF CITIZENSHIP | United States |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 034 |
| | Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes |

| *IDENTIFICATION | and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes |
| --- | --- |
| *FILING BASIS | SECTION 1(b) |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| **ATTORNEY INFORMATION** | |
| NAME | Matthew Miller |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Law Offices of Matthew Miller |
| STREET | 755 Fresca Ct. |
| CITY | Solana Beach |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92075 |
| PHONE | 858-755-6688 |
| EMAIL ADDRESS | matt@millermlaw.com |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Matthew Miller |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |
| *TOTAL FEES PAID | 250 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Matthew Miller/ |
| * SIGNATORY'S NAME | Matthew Miller |

| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
|---|---|
| SIGNATORY'S PHONE NUMBER | 858-755-6688 |
| * DATE SIGNED | 03/17/2021 |
| SIGNATURE METHOD | Signed directly within the form |

PTO- 1478
Approved for use through 02/28/2021. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number:** 90584410
**Filing Date:** 03/17/2021

## To the Commissioner for Trademarks:

**MARK:** CAKED8 (Standard Characters, see mark)
The literal element of the mark consists of CAKED8. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, James Clelland, a citizen of United States, having an address of
   15 Macarthur Place, Unit 1401
   Santa Ana, California 92707
   United States
   XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 034: Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Flavorings, other than essential oils, for use in electronic cigarettes; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

The owner's/holder's proposed attorney information: Matthew Miller. Matthew Miller of Law Offices of Matthew Miller, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at
   755 Fresca Ct.
   Solana Beach, California 92075
   United States
   858-755-6688(phone)
   matt@millermlaw.com

Matthew Miller submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:
   Matthew Miller
   PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).
A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

### Declaration

☑ **Basis:**
   **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Matthew Miller/   Date: 03/17/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-755-6688
Signature method: Signed directly within the form
Payment Sale Number: 90584410
Payment Accounting Date: 03/17/2021

Serial Number: 90584410
Internet Transmission Date: Wed Mar 17 12:58:27 ET 2021
TEAS Stamp: USPTO/FTK-XXXX:XXXX:XXXX:XXXX:XXXX:XXXX:
XXXX:XXXX-20210317125827657493-90584410-
77047194d628d9e75e984e52b241e829b555826a
d2ee91222d56fe2d01911-CC-58261103-202103
17124910602477

Exhibit C, Page 42

# CAKED8

# Exhibit F

PTO- 1478
Approved for use through 02/28/2021  OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90594523**
**Filing Date: 03/22/2021**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| | |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT18\IMAGEOUT 18\905\945\90594523\xml1 \ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | CAKE |
| *COLOR MARK | NO |
| *COLOR(S) CLAIMED (If applicable) | |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of the word CAKE in a stylized font. |
| PIXEL COUNT ACCEPTABLE | NO |
| PIXEL COUNT | 2500 x 2500 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | James Clelland |
| *MAILING ADDRESS | 15 Macarthur Place, Unit 1401 |
| *CITY | Santa Ana |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 92707 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | INDIVIDUAL |
| * COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF | United States |

CITIZENSHIP

**GOODS AND/OR SERVICES AND BASIS INFORMATION**

| | |
|---|---|
| *INTERNATIONAL CLASS | 034 |
| *IDENTIFICATION | Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/01/2020 |
| FIRST USE IN COMMERCE DATE | At least as early as 12/01/2020 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT18\IMAGEOUT 18\905\945\90594523\xml1 \ FTK0003.JPG |
| SPECIMEN DESCRIPTION | packaging bearing the applied for mark |
| WEBPAGE URL | None Provided |
| WEBPAGE DATE OF ACCESS | None Provided |

**ADDITIONAL STATEMENTS SECTION**

*TRANSLATION
(if applicable)

*TRANSLITERATION
(if applicable)

*CLAIMED PRIOR REGISTRATION
(if applicable)

*CONSENT (NAME/LIKENESS)
(if applicable)

*CONCURRENT USE CLAIM
(if applicable)

**ATTORNEY INFORMATION**

| | |
|---|---|
| NAME | Matthew Miller |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Law Offices of Matthew Miller |
| STREET | 755 Fresca Ct. |
| CITY | Solana Beach |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92075 |
| PHONE | 858-755-6688 |
| EMAIL ADDRESS | matt@millermlaw.com |

**CORRESPONDENCE INFORMATION**

| NAME | Matthew Miller |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |
| *TOTAL FEES PAID | 250 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Matthew Miller/ |
| * SIGNATORY'S NAME | Matthew Miller |
| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
| SIGNATORY'S PHONE NUMBER | 858-755-6688 |
| * DATE SIGNED | 03/22/2021 |
| SIGNATURE METHOD | Signed directly within the form |

PTO-1478
Approved for use through 02/28/2021 OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

### Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 90594523**
**Filing Date: 03/22/2021**

## To the Commissioner for Trademarks:

**MARK:** CAKE (stylized and/or with design, see mark)
The literal element of the mark consists of CAKE. The applicant is not claiming color as a feature of the mark. The mark consists of the word CAKE in a stylized font.
The applicant, James Clelland, a citizen of United States, having an address of
   15 Macarthur Place, Unit 1401
   Santa Ana, California 92707
   United States
   XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 034: Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 034, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 12/01/2020, and first used in commerce at least as early as 12/01/2020, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) packaging bearing the applied for mark.
Specimen File1

Webpage URL: None Provided
Webpage Date of Access: None Provided

The owner's/holder's proposed attorney information: Matthew Miller. Matthew Miller of Law Offices of Matthew Miller, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at
   755 Fresca Ct.
   Solana Beach, California 92075
   United States
   858-755-6688(phone)
   matt@millermlaw.com

Matthew Miller submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current Correspondence Information:
   Matthew Miller

PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**
   **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

   **And/Or**
   **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Matthew Miller/   Date: 03/22/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-755-6688
Signature method: Signed directly within the form
Payment Sale Number: 90594523
Payment Accounting Date: 03/22/2021

Serial Number: 90594523
Internet Transmission Date: Mon Mar 22 17:55:11 ET 2021
TEAS Stamp: USPTO/FTK-XXXX:XXXX:XXXX:XXXX:XXXX:XXXX:
XXXX:XXXX-20210322175511746030-90594523-
7708812b055979d74eddd2b44b648ef3ae5d744a
f2402db4eaffd66ed074bfe212-CC-55090905-2
0210322174015064375





Exhibit D, Page 50

Exhibit D, Page 51

PTO- 1666
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Voluntary Amendment

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 90594523 |
| **MARK SECTION** | |
| **LITERAL ELEMENT** | CAKE |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| **INTERNATIONAL CLASS** | 034 |
| **DESCRIPTION** | |
| Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 12/01/2020 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 12/01/2020 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| **INTERNATIONAL CLASS** | 034 |
| **DESCRIPTION** | |
| Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 10/23/2020 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 10/23/2020 |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **CORRESPONDENCE INFORMATION (current)** | |
| NAME | MATTHEW MILLER |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | matt@millermlaw.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **CORRESPONDENCE INFORMATION (proposed)** | |
| NAME | Matthew Miller |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | matt@millermlaw.com |

| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
|---|---|
| **SIGNATURE SECTION** | |
| DECLARATION SIGNATURE | /james clelland/ |
| SIGNATORY'S NAME | James Clelland |
| SIGNATORY'S POSITION | Owner |
| SIGNATORY'S PHONE NUMBER | 8584010581 |
| DATE SIGNED | 04/13/2021 |
| SIGNATURE METHOD | Sent to third party for signature |
| RESPONSE SIGNATURE | /Matthew Miller/ |
| SIGNATORY'S NAME | Matthew Miller |
| SIGNATORY'S POSITION | Attorney of record, California Bar member. |
| SIGNATORY'S PHONE NUMBER | 8587556688 |
| DATE SIGNED | 04/13/2021 |
| ROLE OF AUTHORIZED SIGNATORY | Authorized U.S.-Licensed Attorney |
| SIGNATURE METHOD | Signed directly within the form |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Apr 13 17:32:39 ET 2021 |
| TEAS STAMP | USPTO/PRA-XXXX:XXXX:XXXX: XXXX:XXX:XXXX:XXXX:XXXX-2 0210413173239377773-90594 523-770418cab4aae55869b94 aae67ba36ff573fd29256ba0c 52215f14cbabaa17644cb-N/A -N/A-20210408173531239103 |

PTO-1966
Approved for use through 11/30/2023, OMB 0651-0050
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

### Voluntary Amendment

## To the Commissioner for Trademarks:

Application serial no. **90594523** CAKE (Stylized and/or with Design, see ) has been amended as follows:

### CLASSIFICATION AND LISTING OF GOODS/SERVICES

#### Applicant proposes to amend the following:

**Current:**
Class 034 for Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 12/01/2020 and first used in commerce at least as early as 12/01/2020 , and is now in use in such commerce.

**Proposed:**
Class 034 for Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes
**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 10/23/2020 and first used in commerce at least as early as 10/23/2020 , and is now in use in such commerce.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Correspondence Information (current):**
    MATTHEW MILLER
    PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Correspondence Information (proposed):**
    Matthew Miller
    PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**SIGNATURE(S)**
**Declaration Signature**


**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU:** If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in**

commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.


Signature: /james clelland/    Date: 04/13/2021
Signatory's Name: James Clelland
Signatory's Position: Owner
Signatory's Phone Number: 8584010581

Signature method: Sent to third party for signature

**Voluntary Amendment Signature**
Signature: /Matthew Miller/    Date: 04/13/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member.

Signatory's Phone Number: 8587556688 Signature method: Signed directly within the form

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:    MATTHEW MILLER
  LAW OFFICES OF MATTHEW MILLER

  755 FRESCA CT.
  SOLANA BEACH, California 92075
Mailing Address:    Matthew Miller
  LAW OFFICES OF MATTHEW MILLER
  755 FRESCA CT.
  SOLANA BEACH, California 92075

Serial Number: 90594523
Internet Transmission Date: Tue Apr 13 17:32:39 ET 2021
TEAS Stamp: USPTO/PRA-XXXX:XXXX:XXXX:XXXX:XXX:XXXX:X
XXX:XXXX-20210413173239377773-90594523-7
70418cab4aae55869b94aae67ba36ff573fd2925
6ba0c52215f14cbabaa17644cb-N/A-N/A-20210
408173531239103

Exh bit D, Page 56

PTO- 1478
Approved for use through 04/30/2021 OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90686598**
**Filing Date: 05/02/2021**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT18\IMAGEOUT 18\906\865\90686598\xml1 \ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | CAKE |
| *COLOR MARK | NO |
| *COLOR(S) CLAIMED (If applicable) | |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of The mark consists of the word CAKE in a stylized font. |
| PIXEL COUNT ACCEPTABLE | NO |
| PIXEL COUNT | 2500 x 2500 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | AK FUTURES LLC |
| *MAILING ADDRESS | 15 Macarthur Place, Unit 1401 |
| *CITY | Santa Ana |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 92707 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | |

Case 8:21-cv-01154-JVS-ADS   Document 22-4   Filed 09/03/21   Page 16 of 20   Page ID #:246

| | |
|---|---|
| WHERE LEGALLY ORGANIZED | Delaware |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | Electronic cigarette batteries; Batteries for electronic cigarettes; Battery chargers for electronic cigarettes; Chargers for electronic cigarettes; Electric coils for electronic cigarettes |
| *FILING BASIS | SECTION 1(b) |
| **ADDITIONAL STATEMENTS SECTION** | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| **ATTORNEY INFORMATION** | |
| NAME | Matthew Miller |
| ATTORNEY DOCKET NUMBER | 6066 |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Law Offices of Matthew Miller |
| STREET | 755 Fresca Ct. |
| CITY | Solana Beach |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92075 |
| PHONE | 858-755-6688 |
| EMAIL ADDRESS | matt@millermlaw.com |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Matthew Miller |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |

| *TOTAL FEES PAID | 250 |
| --- | --- |
| SIGNATURE INFORMATION | |
| * SIGNATURE | /Matthew Miller/ |
| * SIGNATORY'S NAME | Matthew Miller |
| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
| SIGNATORY'S PHONE NUMBER | 858-755-6688 |
| * DATE SIGNED | 05/02/2021 |
| SIGNATURE METHOD | Signed directly within the form |

PTO- 1478
Approved for use through 04/30/2021, OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90686598**
**Filing Date: 05/02/2021**

## To the Commissioner for Trademarks:

**MARK:** CAKE (stylized and/or with design, see mark)
The literal element of the mark consists of CAKE. The applicant is not claiming color as a feature of the mark. The mark consists of The mark consists of the word CAKE in a stylized font.
The applicant, AK FUTURES LLC, a limited liability company legally organized under the laws of Delaware, having an address of

    15 Macarthur Place, Unit 1401
    Santa Ana, California 92707
    United States
    XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 009: Electronic cigarette batteries; Batteries for electronic cigarettes; Battery chargers for electronic cigarettes; Chargers for electronic cigarettes; Electric coils for electronic cigarettes
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

The owner's/holder's proposed attorney information: Matthew Miller. Matthew Miller of Law Offices of Matthew Miller, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at

    755 Fresca Ct.
    Solana Beach, California 92075
    United States
    858-755-6688(phone)
    matt@millermlaw.com
The docket/reference number is 6066.
Matthew Miller submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current Correspondence Information:

    Matthew Miller
    PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
    SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).
A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

### Declaration

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑  To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑  To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑  The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Matthew Miller/   Date: 05/02/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-755-6688
Signature method: Signed directly within the form
Payment Sale Number: 90686598
Payment Accounting Date: 05/03/2021

Serial Number: 90686598
Internet Transmission Date: Sun May 02 20:32:04 ET 2021
TEAS Stamp: USPTO/FTK-XXXX:XXXX:XXXX:XXXX:XXXX:XXXX:
XXXX:XXXX-20210502203204765445-90686598-
7801f5b47162ab664e1ce1585e348df1f7ff1f59
28a673184c9fd42b32cf9657c-CC-32033298-20
210502202402054065

Case 8:21-cv-01154-JVS-ADS   Document 22-4   Filed 09/03/21   Page 20 of 20   Page ID #:250



Exhibit D, Page 62

# Exhibit G

PTO- 1478
Approved for use through 02/28/2027 OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90594382**
**Filing Date: 03/22/2021**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| | |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT18\IMAGEOUT 18\905\943\90594382\xml1 \ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | C |
| *COLOR MARK | NO |
| *COLOR(S) CLAIMED (If applicable) | |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of the letter "C" superimposed on a cake with candles. |
| PIXEL COUNT ACCEPTABLE | NO |
| PIXEL COUNT | 2500 x 2500 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | James Clelland |
| *MAILING ADDRESS | 15 Macarthur Place, Unit 1401 |
| *CITY | Santa Ana |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 92707 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | INDIVIDUAL |
| * COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF | |

| CITIZENSHIP | United States |
|---|---|

**GOODS AND/OR SERVICES AND BASIS INFORMATION**

| *INTERNATIONAL CLASS | 034 |
|---|---|
| *IDENTIFICATION | Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 12/01/2020 |
| FIRST USE IN COMMERCE DATE | At least as early as 12/01/2020 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT18\IMAGEOUT 18\905\943\90594382\xml1 \ FTK0003.JPG |
| SPECIMEN DESCRIPTION | packaging bearing the applied for mark |
| WEBPAGE URL | None Provided |
| WEBPAGE DATE OF ACCESS | None Provided |

**ADDITIONAL STATEMENTS SECTION**

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

**ATTORNEY INFORMATION**

| NAME | Matthew Miller |
|---|---|
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Law Offices of Matthew Miller |
| STREET | 755 Fresca Ct. |
| CITY | Solana Beach |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92075 |
| PHONE | 858-755-6688 |
| EMAIL ADDRESS | matt@millermlaw.com |

**CORRESPONDENCE INFORMATION**

| NAME | Matthew Miller |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |
| *TOTAL FEES PAID | 250 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Matthew Miller/ |
| * SIGNATORY'S NAME | Matthew Miller |
| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
| SIGNATORY'S PHONE NUMBER | 858-755-6688 |
| * DATE SIGNED | 03/22/2021 |
| SIGNATURE METHOD | Signed directly within the form |

PTO-1478
Approved for use through 02/28/2021  OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 90594382**
**Filing Date: 03/22/2021**

## To the Commissioner for Trademarks:

**MARK:** C (stylized and/or with design, see mark)
The literal element of the mark consists of C. The applicant is not claiming color as a feature of the mark. The mark consists of the letter "C" superimposed on a cake with candles.
The applicant, James Clelland, a citizen of United States, having an address of
    15 Macarthur Place, Unit 1401
    Santa Ana, California 92707
    United States
    XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 034: Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 034, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 12/01/2020, and first used in commerce at least as early as 12/01/2020, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) packaging bearing the applied for mark.
Specimen File1

Webpage URL: None Provided
Webpage Date of Access: None Provided

The owner's/holder's proposed attorney information: Matthew Miller. Matthew Miller of Law Offices of Matthew Miller, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at
    755 Fresca Ct.
    Solana Beach, California 92075
    United States
    858-755-6688(phone)
    matt@millermlaw.com

Matthew Miller submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current Correspondence Information:
    Matthew Miller

PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

### Declaration

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Matthew Miller/   Date: 03/22/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-755-6688
Signature method: Signed directly within the form
Payment Sale Number: 90594382
Payment Accounting Date: 03/22/2021

Serial Number: 90594382
Internet Transmission Date: Mon Mar 22 17:00:47 ET 2021
TEAS Stamp: USPTO/FTK-XXXX:XXXX:XXXX:XXXX:XXXX:XXXX:
XXXX:XXXX-20210322170047177347-90594382-
7703e5363d6896ddf724d92b7de2ef1caa73dee0
dadf7a9cc79f5c07b651d8f0-CC-00454881-202
10322163428711805



Case 8:21-cv-01154-JVS-ADS   Document 22-5   Filed 09/03/21   Page 8 of 20   Page ID #:258



Exhibit E, Page 69

PTO- 1966
Approved for use through 11/30/2023  OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Voluntary Amendment

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 90594382 |
| **MARK SECTION** | |
| **LITERAL ELEMENT** | C |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **GOODS AND/OR SERVICES SECTION (current)** | |
| **INTERNATIONAL CLASS** | 034 |
| **DESCRIPTION** | |
| Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 12/01/2020 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 12/01/2020 |
| **GOODS AND/OR SERVICES SECTION (proposed)** | |
| **INTERNATIONAL CLASS** | 034 |
| **DESCRIPTION** | |
| Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes | |
| **FILING BASIS** | Section 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 10/23/2020 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 10/23/2020 |
| **WEBPAGE URL** | None Provided |
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **CORRESPONDENCE INFORMATION (current)** | |
| **NAME** | MATTHEW MILLER |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | matt@millermlaw.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **CORRESPONDENCE INFORMATION (proposed)** | |
| **NAME** | Matthew Miller |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | matt@millermlaw.com |

| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
|---|---|
| **SIGNATURE SECTION** | |
| DECLARATION SIGNATURE | /James Clelland/ |
| SIGNATORY'S NAME | James Clelland |
| SIGNATORY'S POSITION | Owner |
| SIGNATORY'S PHONE NUMBER | 8584010581 |
| DATE SIGNED | 04/13/2021 |
| SIGNATURE METHOD | Sent to third party for signature |
| RESPONSE SIGNATURE | /Matthew Miller/ |
| SIGNATORY'S NAME | Matthew Miller |
| SIGNATORY'S POSITION | Attorney of record, California Bar member. |
| SIGNATORY'S PHONE NUMBER | 8587556688 |
| DATE SIGNED | 04/13/2021 |
| ROLE OF AUTHORIZED SIGNATORY | Authorized U.S.-Licensed Attorney |
| SIGNATURE METHOD | Signed directly within the form |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Apr 13 17:31:48 ET 2021 |
| TEAS STAMP | USPTO/PRA-XXXX:XXXX:XXXX:<br>XXXX:XXX:XXXX:XXXX:XXXX-2<br>0210413173148920071-90594<br>382-7706e9fab521aae2f3236<br>ce063fb5ffba9c68fc4a3bb48<br>59772b2a7567446bfdd-N/A-N<br>/A-20210408174521238275 |

PTO- 1066
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Voluntary Amendment

### To the Commissioner for Trademarks:

Application serial no. **90594382** C (Stylized and/or with Design, see ) has been amended as follows:

### CLASSIFICATION AND LISTING OF GOODS/SERVICES

#### Applicant proposes to amend the following:

#### Current:

Class 034 for Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes

**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 12/01/2020 and first used in commerce at least as early as 12/01/2020 , and is now in use in such commerce.

**Proposed:**
Class 034 for Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes

**Filing Basis: Section 1(a), Use in Commerce:** The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 10/23/2020 and first used in commerce at least as early as 10/23/2020 , and is now in use in such commerce.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Correspondence Information (current):**
   MATTHEW MILLER
   PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Correspondence Information (proposed):**
   Matthew Miller
   PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**SIGNATURE(S)**
**Declaration Signature**


**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU:** If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in**

commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.


Signature: /James Clelland/    Date: 04/13/2021
Signatory's Name: James Clelland
Signatory's Position: Owner
Signatory's Phone Number: 8584010581

Signature method: Sent to third party for signature

**Voluntary Amendment Signature**
Signature: /Matthew Miller/    Date: 04/13/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member.

Signatory's Phone Number: 8587556688 Signature method: Signed directly within the form

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:    MATTHEW MILLER
 LAW OFFICES OF MATTHEW MILLER

 755 FRESCA CT.
 SOLANA BEACH, California 92075
Mailing Address:    Matthew Miller
 LAW OFFICES OF MATTHEW MILLER
 755 FRESCA CT.
 SOLANA BEACH, California 92075

Serial Number: 90594382
Internet Transmission Date: Tue Apr 13 17:31:48 ET 2021
TEAS Stamp: USPTO/PRA-XXXX:XXXX:XXXX:XXXX:XXX:XXXX:X
XXX:XXXX-20210413173148920071-90594382-7
706e9fab521aae2f3236ce063fb5ffba9c68fc4a
3bb4859772b2a7567446bfdd-N/A-N/A-2021040
8174521238275

Exhibit E, Page 75

PTO- 1478
Approved for use through 02/28/2021 OMB 0651-0009
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90624745**
**Filing Date: 04/05/2021**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT18\IMAGEOUT 18\906\247\90624745\xml1 \ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | C |
| *COLOR MARK | NO |
| *COLOR(S) CLAIMED (If applicable) | |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of The mark consists of the letter "C" superimposed on a cake with candles. |
| PIXEL COUNT ACCEPTABLE | NO |
| PIXEL COUNT | 2500 x 2500 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | AK FUTURES LLC |
| *MAILING ADDRESS | 15 Macarthur Place, Unit 1401 |
| *CITY | Santa Ana |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 92707 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | |

| WHERE LEGALLY ORGANIZED | Delaware |
|---|---|
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | Batteries for electronic cigarettes; Battery chargers for electronic cigarettes; Chargers for electronic cigarettes; Electric coils for electronic cigarettes |
| *FILING BASIS | SECTION 1(b) |
| **ADDITIONAL STATEMENTS SECTION** | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| **ATTORNEY INFORMATION** | |
| NAME | Matthew Miller |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Law Offices of Matthew Miller |
| STREET | 755 Fresca Ct. |
| CITY | Solana Beach |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92075 |
| PHONE | 858-755-6688 |
| EMAIL ADDRESS | matt@millermlaw.com |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Matthew Miller |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 250 |
| *TOTAL FEES PAID | 250 |

Exhibit E, Page 77

| SIGNATURE INFORMATION | |
|---|---|
| * SIGNATURE | /Matthew Miller/ |
| * SIGNATORY'S NAME | Matthew Miller |
| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
| SIGNATORY'S PHONE NUMBER | 858-755-6688 |
| * DATE SIGNED | 04/05/2021 |
| SIGNATURE METHOD | Signed directly within the form |

PTO- 1478
Approved for use through 02/28/2021. OMB 0651-0009
U.S. Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number:** 90624745
**Filing Date:** 04/05/2021

## To the Commissioner for Trademarks:

**MARK:** C (stylized and/or with design, see mark)
The literal element of the mark consists of C. The applicant is not claiming color as a feature of the mark. The mark consists of The mark consists of the letter "C" superimposed on a cake with candles.
The applicant, AK FUTURES LLC, a limited liability company legally organized under the laws of Delaware, having an address of

15 Macarthur Place, Unit 1401
Santa Ana, California 92707
United States
XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 009:  Batteries for electronic cigarettes; Battery chargers for electronic cigarettes; Chargers for electronic cigarettes; Electric coils for electronic cigarettes
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

The owner's/holder's proposed attorney information: Matthew Miller. Matthew Miller of Law Offices of Matthew Miller, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at

755 Fresca Ct.
Solana Beach, California 92075
United States
858-755-6688(phone)
matt@millermlaw.com

Matthew Miller submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current Correspondence Information:

Matthew Miller
PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).
A fee payment in the amount of $250 has been submitted with the application, representing payment for 1 class(es).

### Declaration

☑ **Basis:**

Exhibit E, Page 79

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

- ☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

- ☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

- ☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Matthew Miller/   Date: 04/05/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-755-6688
Signature method: Signed directly within the form
Payment Sale Number: 90624745
Payment Accounting Date: 04/05/2021

Serial Number: 90624745
Internet Transmission Date: Mon Apr 05 19:10:27 ET 2021
TEAS Stamp: USPTO/FTK-XXXX:XXXX:XXXX:XXXX:XXXX:XXXX:
XXXX:XXXX-20210405191027664857-90624745-
7706ef67f3ae27f8f25d98e8d2df2fc519fd20a3
a1dab38e5a78734341a6c669-CC-10264904-202
10405185707792579



# Exhibit H

PTO- 1478
Approved for use through 02/28/2021. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 90603633**
**Filing Date: 03/25/2021**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | EAT CAKE |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | EAT CAKE |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | James Clelland |
| *MAILING ADDRESS | 15 Macarthur Place, Unit 1401 |
| *CITY | Santa Ana |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 92707 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | INDIVIDUAL |
| * COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF CITIZENSHIP | United States |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | Batteries for electronic cigarettes; Battery chargers for electronic cigarettes; Chargers for electronic cigarettes; Electric coils for electronic cigarettes |

| *FILING BASIS | SECTION 1(b) |
|---|---|
| *INTERNATIONAL CLASS | 034 |
| *IDENTIFICATION | Electronic cigarette boxes; Electronic cigarette cases; Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Boxes for electronic cigarettes and electronic cigarette accessories; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Cases for electronic cigarettes and electronic cigarette accessories; Chemical flavorings in liquid form used to refill electronic cigarette cartridges; Flavorings, other than essential oils, for use in electronic cigarettes |
| *FILING BASIS | SECTION 1(b) |

**ADDITIONAL STATEMENTS INFORMATION**

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

**ATTORNEY INFORMATION**

| NAME | Matthew Miller |
|---|---|
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Law Offices of Matthew Miller |
| STREET | 755 Fresca Ct. |
| CITY | Solana Beach |
| STATE | California |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 92075 |
| PHONE | 858-755-6688 |
| EMAIL ADDRESS | matt@millermlaw.com |

**CORRESPONDENCE INFORMATION**

| NAME | Matthew Miller |
|---|---|
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | matt@millermlaw.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |

**FEE INFORMATION**

| APPLICATION FILING OPTION | TEAS Plus |
|---|---|

| NUMBER OF CLASSES | 2 |
|---|---|
| APPLICATION FOR REGISTRATION PER CLASS | 250 |
| *TOTAL FEES DUE | 500 |
| *TOTAL FEES PAID | 500 |
| SIGNATURE INFORMATION | |
| * SIGNATURE | /Matthew Miller/ |
| * SIGNATORY'S NAME | Matthew Miller |
| * SIGNATORY'S POSITION | Attorney of record, California Bar member |
| SIGNATORY'S PHONE NUMBER | 858-755-6688 |
| * DATE SIGNED | 03/25/2021 |
| SIGNATURE METHOD | Signed directly within the form |

Exhibit F, Page 84

PTO-1478
Approved for use through 00/00/2021. OMB 0651-0009
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 90603633**
**Filing Date: 03/25/2021**

## To the Commissioner for Trademarks:

**MARK:** EAT CAKE (Standard Characters, see mark)
The literal element of the mark consists of EAT CAKE. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, James Clelland, a citizen of United States, having an address of
   15 Macarthur Place, Unit 1401
   Santa Ana, California 92707
   United States
   XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 009:  Batteries for electronic cigarettes; Battery chargers for electronic cigarettes; Chargers for electronic cigarettes; Electric coils for electronic cigarettes
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 034:  Electronic cigarette boxes; Electronic cigarette cases; Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Boxes for electronic cigarettes and electronic cigarette accessories; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Cases for electronic cigarettes and electronic cigarette accessories; Chemical flavorings in liquid form used to refill electronic cigarette cartridges; Flavorings, other than essential oils, for use in electronic cigarettes
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. (15 U.S.C. Section 1051(b)).

The owner's/holder's proposed attorney information: Matthew Miller. Matthew Miller of Law Offices of Matthew Miller, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at
   755 Fresca Ct.
   Solana Beach, California 92075
   United States
   858-755-6688(phone)
   matt@millermlaw.com

Matthew Miller submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:
   Matthew Miller
   PRIMARY EMAIL FOR CORRESPONDENCE: matt@millermlaw.com
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and

the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

A fee payment in the amount of $500 has been submitted with the application, representing payment for 2 class(es).

## Declaration

☑ **Basis:**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Matthew Miller/   Date: 03/25/2021
Signatory's Name: Matthew Miller
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 858-755-6688
Signature method: Signed directly within the form
Payment Sale Number: 90603633
Payment Accounting Date: 03/25/2021

Serial Number: 90603633
Internet Transmission Date: Thu Mar 25 17:21:08 ET 2021
TEAS Stamp: USPTO/FTK-XXXX:XXXX:XXXX:XXXX:XXX:XXXX:X
XXX:XXX-20210325172108267485-90603633-77
02d41e3631df08b97ba538deffffad85da34e85b
b22aa419830cba6509fd689fd-CC-21063788-20
210325164755929247

# EAT CAKE

# Exhibit I



United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Fri Dec 17 03:32:22 EST 2021

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:  OR  Jump  to record:  **Record 1 out of 2**

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **CAKE XL** LIMITED EDITION |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Flavorings, other than essential oils, for use in electronic cigarettes. FIRST USE: 20210301. FIRST USE IN COMMERCE: 20210301 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.01.01 - Circles as carriers or as single line borders<br>26.17.05 - Bands, horizontal ; Bars, horizontal ; Horizontal line(s), band(s) or bar(s) ; Lines, horizontal |
| **Serial Number** | 90885204 |
| **Filing Date** | August 16, 2021 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) AK FUTURES LLC LIMITED LIABILITY COMPANY DELAWARE 15 Macarthur Place, Unit 1401 Santa Ana CALIFORNIA 92707 |
| **Attorney of Record** | Matthew Miller |
| **Description of Mark** | The mark consists of The word "cake" in a stylized font above a circle with "xl" in the circle, with the words "limited" and "edition" on each side of the circle and with horizontal lines above and below them. |
| **Type of Mark** | TRADEMARK |

**Register**   PRINCIPAL

**Live/Dead Indicator**   LIVE

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit J



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Contacts|eBusiness|eBiz alerts|News

**Trademarks > Trademark Electronic Search System (TESS)**

TESS was last updated on Fri Dec 17 03:32:22 EST 2021

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At:      OR   Jump   to record:      **Record 1 out of 3**

TSDR      ASSIGN Status      TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# CAKE 10|10

| | |
|---|---|
| **Word Mark** | CAKE 10|10 |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; Electronic cigarettes; Electronic cigarettes and oral vaporizers for smokers; Cartridges sold filled with chemical flavorings in liquid form for electronic cigarettes; Chemical flavorings in liquid form used to refill electronic cigarette cartridges; Flavorings, other than essential oils, for use in electronic cigarettes |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 90801941 |
| **Filing Date** | June 29, 2021 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) AK FUTURES LLC LIMITED LIABILITY COMPANY DELAWARE 15 Macarthur Place, Unit 1401 Santa Ana CALIFORNIA 92707 |
| **Attorney of Record** | Matthew Miller |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead** | LIVE |

**Indicator**



| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit K

# THE FROST FIRM

ATTORNEYS AT LAW

COLUMBIA PLAZA

401 West A Street, Suite 1150

San Diego, CA  92101

TELEPHONE NUMBER
619.822.1740

FACSIMILE NUMBER
619.822.1744

DIRECT DIAL
619.822.1741

Thomas C. Frost, Esq.
tfrost@thefrostfirm.com

WEBSITE: www.thefrostfirm.com

OUR FILE NUMBER

1058.10

August 3, 2021

**_Via Email_:**

LCF Labs, Inc.
Attn: Qusay Al-Qaza, CEO
895 S Rockefeller Avenue, Unit 103
Ontario, CA 91761
San Bernadino, CA
que@lcflabs.com

Re:   Infringement and Counterfeiting of CAKE Intellectual Property

Dear Mr. Al-Qaza:

This law firm represents AK Futures LLC and its exclusive licensee WM Wholesale LLC (together, "Cake"), the industry-leading manufacturer of authentic Cake ™ brand delta-8 vaping goods and related products.  Cake owns the Cake ™ brand intellectual property, including the Cake ™ brand trademarks and distinctive packaging design protected by trade dress.  The Cake logo is also protected by U.S. Copyright Registration No. VA0002247632 and Chinese Copyright Registration No. 01396084 (altogether, the "CAKE Marks").

Cake is actively prosecuting numerous anti-counterfeiting lawsuits in Federal Court (the "Cake Lawsuits"), and Cake diligently investigates counterfeiting wherever Cake ™ brand products are sold.  Cake is also working with appropriate agencies in the United States and China to protect its valuable CAKE Marks and the loyal consumers of its products.

As you know, Cake terminated all of its agreements and former business dealings with LCF Labs, Inc. ("LCF") last week, after LCF unlawfully attempted to launch an infringing "Pie" brand ("PIE") with Cake's distribution network.  As you also know, LCF and PIE are not authorized by Cake, and they are not affiliated in any way with authentic CAKE products.  Cake

intends to vigorously pursue its claims against LCF, and any other parties involved in manufacturing and distributing the infringing PIE products. [1]

To be clear, the PIE products are infringing reproductions of CAKE products; they use without authorization marks and packaging that are confusingly similar to Cake's distinctive CAKE Marks and packaging. The CAKE packaging uses bright bold colors and prominently features the CAKE mark in a stylized font above a cut-out product window, below which appears a CAKE logo with spot gloss, followed by details of the product, including flavor, at the bottom. The PIE products replicate each of these features of Cake's distinctive trade dress, merely substituting the word "Pie" for "Cake" and the letter "P" for "C." The term "Pie" and the PIE logo also create a confusing and false impression suggesting a connection to CAKE. The similarities between authentic CAKE packaging and the packaging of the PIE Products are striking:





**(Authentic Cake™ packaging)**          **(Packaging sold by Defendants)**

LCF's sale and distribution of the PIE products constitutes trademark and trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq.; as well as unfair competition under federal and state laws. Accordingly, LCF and its affiliates now are exposed to substantial liability and damages, including but not limited to lost profits, disgorgement of profits, actual damages, and attorneys' fees.

---

[1] We note also the existence of LCF's undisclosed bankruptcy proceeding pursuant to Chapter 11 of the U.S. Bankruptcy Code, of which Cake very recently became aware, which may affect the rights of other parties in relation to LCF Labs, Inc.

Accordingly, you are hereby directed to:

**CEASE AND DESIST ALL SALE AND PROMOTION OF PIE PRODUCTS [2]**

Cake hereby demands that you confirm in writing by not later than August 5, 2021, that LCF will take each of the following steps to voluntarily cooperate with Cake's efforts to address LCF's foregoing infringement:

- Identify your source(s) of Pie-branded vaping products, either in your possession or that you have sold prior to receipt of this letter;

- Cease selling any Pie-branded vaping products or any other products that use any of Cake's branding, or any facsimile of such branding;

- Segregate any Pie vaping products in your possession, and provide an accounting to Cake of any such goods;

- Take all reasonable steps to remove from the stream of commerce any Pie-branded vaping products that you sold;

- Inform all distributors and end-users who received Pie-branded vaping products that such products were unauthorized and infringe upon the CAKE Marks and trade dress; and

- Request that any distributor or end-user to whom you sold or otherwise conveyed Pie-branded products remove such products from the stream of commerce.

If we do not receive your written confirmation by the August 5, 2021, deadline, Cake will initiate a lawsuit against LCF and its potentially responsible affiliates in Federal Court and aggressively pursue all rights and remedies available under the law, including substantial monetary damages, legal fees and injunctive relief.   If you are represented by counsel, please forward this letter to your attorney for an immediate response.

Very truly yours,
THE FROST FIRM

By:  Thomas C. Frost, Esq.

---

[2] Also, consistent with Cake's instructions last week, LCF must immediately assemble all remaining Cake branded goods and property in LCF's possession, custody or control, for delivery to Cake, and otherwise cooperate with Cake's efforts to retain possession of its property.

cc:    James R. Ling, Esq.
        Ling Law Group, APC
        2855 Michelle Drive, Ste. 280
        Irvine, California 92606
        Email: james@linglawgroup.com

**MORRISON** | **FOERSTER**

707 WILSHIRE BOULEVARD
LOS ANGELES
CALIFORNIA 90017-3543

TELEPHONE: 213 892 5200
FACSIMILE: 213 892 5454

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 3, 2021

Writer's Direct Contact
+1 (213) 892.5207
Bfox@mofo.com

***Via UPS Overnight Delivery***

Dr. Haze Inc.
Attn:  Mohammad Srour, Registered Agent, President
367 S Rohlwing Rd Ste Q
Addison, IL 60101

Re:     Infringement and Counterfeiting of CAKE Intellectual Property

Dear Mr. Srour:

Morrison & Foerster LLP represents AK Futures LLC ("AKF"), the industry-leading manufacturer of authentic Cake™ brand delta-8 vaping goods and related products.   AKF is the exclusive owner of Cake™ brand intellectual property, including the CAKE trademarks and distinctive packaging design protected by trade dress.  The CAKE logo is also protected by U.S. Copyright Registration No. VA0002247632 and Chinese Copyright Registration No. 01396084 (collectively, the "CAKE Marks").

AKF is actively prosecuting numerous anti-counterfeiting lawsuits in Federal Court (the "Cake Lawsuits"), and AKF diligently investigates counterfeiting wherever Cake™ brand products are sold.  AKF is also working with appropriate State and Federal agencies to protect its valuable CAKE Marks and the loyal consumers of its products.

The infringing "Pie" brand ("PIE") recently launched by LCF Labs, Inc. is not authorized by AKF, nor is PIE affiliated in any way with authentic CAKE products.  AKF intends to vigorously pursue its claims against all parties involved in manufacturing and distributing the infringing PIE products.[1]

AKF recently learned that your business ("Dr. Haze"), identified below, is promoting and selling infringing PIE products:

---

[1]  We note also the existence of LCF Labs, Inc.' bankruptcy proceeding pursuant to Chapter 11 of the U.S. Bankruptcy Code, of which AKF recently became aware, which may affect the rights of other parties in relation to LCF Labs, Inc.

sf-4540853

MORRISON | FOERSTER

Dr. Haze Inc.
August 3, 2021
Page Two

**DR. HAZE INC.**
Jurisdiction:  Illinois (US)
Company No.:  72326512
Date of Organization:  May 16, 2019

To be clear, the PIE products are infringing reproductions of CAKE products; they use without authorization marks and packaging that are confusingly similar to AKF's distinctive CAKE Marks and packaging.  The CAKE packaging uses bright bold colors and prominently features the CAKE mark in a stylized font above a cut-out product window, below which appears a CAKE logo with spot gloss, followed by details of the product, including flavor, at the bottom.  The PIE products replicate each of these features of AKF's distinctive trade dress, merely substituting the word "Pie" for "Cake" and the letter "P" for "C."  The term "Pie" and the PIE logo also create a confusing and false impression suggesting a connection to CAKE.  The similarities between authentic CAKE packaging and the packaging of the PIE Products are striking:



**(Authentic Cake™ packaging)**



**(Packaging sold by Defendants)**

sf-4540853

MORRISON | FOERSTER

Dr. Haze Inc.
August 3, 2021
Page Three

Dr. Haze's sale and distribution of the PIE products constitutes trademark and trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq., as well as unfair competition under federal and state laws.  Accordingly, Dr. Haze and its affiliates are exposed to substantial liability and damages, including but not limited to lost profits, disgorgement of profits, actual damages, and attorneys' fees.

**Accordingly, you are hereby directed to:**

**CEASE AND DESIST ALL SALE AND PROMOTION OF PIE PRODUCTS**

AKF further demands that you confirm in writing by no later than August 6, 2021, that Dr. Haze will take each of the following steps to cooperate with AKF's efforts to address the infringement of its intellectual property:

- Identify your source(s) of PIE products, either in your possession or that you have sold prior to receipt of this letter;

- Cease selling any PIE products or any other products that infringe the CAKE Marks or trade dress;

- Segregate any PIE products in your possession, and provide an accounting to AKF of any such goods;

- Take all reasonable steps to remove from the stream of commerce any PIE products that you sold;

- Inform all distributors and end-users who received PIE products that such products were unauthorized and infringe upon the CAKE Marks and trade dress; and

- Request that any distributor or end-user to whom you sold or otherwise conveyed PIE products remove such products from the stream of commerce.

If we do not receive your written confirmation by August 6, 2021, AKF intends to initiate a lawsuit against Dr. Haze and other responsible parties without further notice to you, including to pursue all rights and remedies available to AKF under the law, including substantial monetary damages, its legal fees incurred, and injunctive relief.

If you are represented by counsel, please forward this letter to your attorney for an immediate response.

sf-4540853

MORRISON | FOERSTER

Dr. Haze Inc.
August 3, 2021
Page Four

Sincerely,

Benjamin J. Fox

**MORRISON | FOERSTER**

707 WILSHIRE BOULEVARD
LOS ANGELES
CALIFORNIA 90017-3543

TELEPHONE: 213 892 5200
FACSIMILE: 213 892 5454

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 3, 2021

Writer's Direct Contact
+1 (213) 892.5207
Bfox@mofo.com

*Via UPS Overnight Delivery*

Leaf of Vape LLC
Attn:  Hilmi Muhanad, Registered Agent, Manager
4691 Coachford Dr
Wesley Chapel, FL 33543-7027

Re:     Infringement and Counterfeiting of CAKE Intellectual Property

Dear Mr. Muhanad:

Morrison & Foerster LLP represents AK Futures LLC ("AKF"), the industry-leading manufacturer of authentic Cake™ brand delta-8 vaping goods and related products.  AKF is the exclusive owner of Cake™ brand intellectual property, including the CAKE trademarks and distinctive packaging design protected by trade dress.  The CAKE logo is also protected by U.S. Copyright Registration No. VA0002247632 and Chinese Copyright Registration No. 01396084 (collectively, the "CAKE Marks").

AKF is actively prosecuting numerous anti-counterfeiting lawsuits in Federal Court (the "Cake Lawsuits"), and AKF diligently investigates counterfeiting wherever Cake™ brand products are sold.  AKF is also working with appropriate State and Federal agencies to protect its valuable CAKE Marks and the loyal consumers of its products.

The infringing "Pie" brand ("PIE") recently launched by LCF Labs, Inc. is not authorized by AKF, nor is PIE affiliated in any way with authentic CAKE products.  AKF intends to vigorously pursue its claims against all parties involved in manufacturing and distributing the infringing PIE products.[1]

AKF recently learned that your business ("Leaf of Vape"), identified below, is promoting and selling infringing PIE products:

---

[1]  We note also the existence of LCF Labs, Inc.' bankruptcy proceeding pursuant to Chapter 11 of the U.S. Bankruptcy Code, of which AKF recently became aware, which may affect the rights of other parties in relation to LCF Labs, Inc.

sf-4540839

MORRISON | FOERSTER

Leaf of Vape LLC
August 3, 2021
Page Two

**LEAF OF   APE LLC**
Jurisdiction:  Florida (US)
Company No.:  L18000226416
Date of Organization:  September 24, 2018

To be clear, the PIE products are infringing reproductions of CAKE products; they use without authorization marks and packaging that are confusingly similar to AKF's distinctive CAKE Marks and packaging.  The CAKE packaging uses bright bold colors and prominently features the CAKE mark in a stylized font above a cut-out product window, below which appears a CAKE logo with spot gloss, followed by details of the product, including flavor, at the bottom.  The PIE products replicate each of these features of AKF's distinctive trade dress, merely substituting the word "Pie" for "Cake" and the letter "P" for "C."  The term "Pie" and the PIE logo also create a confusing and false impression suggesting a connection to CAKE.  The similarities between authentic CAKE packaging and the packaging of the PIE Products are striking:





**(Authentic Cake™ packaging)**          **(Packaging sold by Defendants)**

MORRISON | FOERSTER

Leaf of Vape LLC
August 3, 2021
Page Three

Leaf of Vape's sale and distribution of the PIE products constitutes trademark and trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq., as well as unfair competition under federal and state laws. Accordingly, Leaf of Vape and its affiliates are exposed to substantial liability and damages, including but not limited to lost profits, disgorgement of profits, actual damages, and attorneys' fees.

**Accordingly, you are hereby directed to:**

**CEASE AND DESIST ALL SALE AND PROMOTION OF PIE PRODUCTS**

AKF further demands that you confirm in writing by no later than August 6, 2021, that Leaf of Vape will take each of the following steps to cooperate with AKF's efforts to address the infringement of its intellectual property:

- Identify your source(s) of PIE products, either in your possession or that you have sold prior to receipt of this letter;

- Cease selling any PIE products or any other products that infringe the CAKE Marks or trade dress;

- Segregate any PIE products in your possession, and provide an accounting to AKF of any such goods;

- Take all reasonable steps to remove from the stream of commerce any PIE products that you sold;

- Inform all distributors and end-users who received PIE products that such products were unauthorized and infringe upon the CAKE Marks and trade dress; and

- Request that any distributor or end-user to whom you sold or otherwise conveyed PIE products remove such products from the stream of commerce.

If we do not receive your written confirmation by August 6, 2021, AKF intends to initiate a lawsuit against Leaf of Vape and other responsible parties without further notice to you, including to pursue all rights and remedies available to AKF under the law, including substantial monetary damages, its legal fees incurred, and injunctive relief.

If you are represented by counsel, please forward this letter to your attorney for an immediate response.

sf-4540839

**MORRISON** | **FOERSTER**

Leaf of Vape LLC
August 3, 2021
Page Four

Sincerely,

Benjamin J. Fox

**MORRISON | FOERSTER**

707 WILSHIRE BOULEVARD
LOS ANGELES
CALIFORNIA 90017-3543

TELEPHONE: 213 892 5200
FACSIMILE: 213 892 5454

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 3, 2021

Writer's Direct Contact
+1 (213) 892.5207
Bfox@mofo.com

*Via UPS Overnight Delivery*

Mr. Fog Vape Lab, Corp.
Attn: Nijem Hassan, Registered Agent
3106 Oak Park Ave
Berwyn, IL 60402

Re:     Infringement and Counterfeiting of CAKE Intellectual Property

Dear Mr. Hassan:

Morrison & Foerster LLP represents AK Futures LLC ("AKF"), the industry-leading manufacturer of authentic Cake™ brand delta-8 vaping goods and related products.  AKF is the exclusive owner of Cake™ brand intellectual property, including the CAKE trademarks and distinctive packaging design protected by trade dress.  The CAKE logo is also protected by U.S. Copyright Registration No. VA0002247632 and Chinese Copyright Registration No. 01396084 (collectively, the "CAKE Marks").

AKF is actively prosecuting numerous anti-counterfeiting lawsuits in Federal Court (the "Cake Lawsuits"), and AKF diligently investigates counterfeiting wherever Cake™ brand products are sold.  AKF is also working with appropriate State and Federal agencies to protect its valuable CAKE Marks and the loyal consumers of its products.

The infringing "Pie" brand ("PIE") recently launched by LCF Labs, Inc. is not authorized by AKF, nor is PIE affiliated in any way with authentic CAKE products.  AKF intends to vigorously pursue its claims against all parties involved in manufacturing and distributing the infringing PIE products.[1]

AKF recently learned that your business ("Mr. Fog"), identified below, is promoting and selling infringing PIE products:

---

[1]  We note also the existence of LCF Labs, Inc.' bankruptcy proceeding pursuant to Chapter 11 of the U.S. Bankruptcy Code, of which AKF recently became aware, which may affect the rights of other parties in relation to LCF Labs, Inc.

sf-4540868

**MORRISON | FOERSTER**

Mr. Fog Vape Lab, Corp.
August 3, 2021
Page Two

      **MR FO     APE LA  , CORP.**
Jurisdiction:  Illinois (US)
Company No.:  73080657
Date of Organization:  December 15, 2020

      To be clear, the PIE products are infringing reproductions of CAKE products; they use without authorization marks and packaging that are confusingly similar to AKF's distinctive CAKE Marks and packaging.  The CAKE packaging uses bright bold colors and prominently features the CAKE mark in a stylized font above a cut-out product window, below which appears a CAKE logo with spot gloss, followed by details of the product, including flavor, at the bottom.  The PIE products replicate each of these features of AKF's distinctive trade dress, merely substituting the word "Pie" for "Cake" and the letter "P" for "C."  The term "Pie" and the PIE logo also create a confusing and false impression suggesting a connection to CAKE.  The similarities between authentic CAKE packaging and the packaging of the PIE Products are striking:



**(Authentic Cake™ packaging)**



**(Packaging sold by Defendants)**

sf-4540868

MORRISON | FOERSTER

Mr. Fog Vape Lab, Corp.
August 3, 2021
Page Three

Mr. Fog's sale and distribution of the PIE products constitutes trademark and trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq., as well as unfair competition under federal and state laws.  Accordingly, Mr. Fog and its affiliates are exposed to substantial liability and damages, including but not limited to lost profits, disgorgement of profits, actual damages, and attorneys' fees.

**Accordingly, you are hereby directed to:**

**CEASE AND DESIST ALL SALE AND PROMOTION OF PIE PRODUCTS**

AKF further demands that you confirm in writing by no later than August 6, 2021, that Mr. Fog will take each of the following steps to cooperate with AKF's efforts to address the infringement of its intellectual property:

- Identify your source(s) of PIE products, either in your possession or that you have sold prior to receipt of this letter;

- Cease selling any PIE products or any other products that infringe the CAKE Marks or trade dress;

- Segregate any PIE products in your possession, and provide an accounting to AKF of any such goods;

- Take all reasonable steps to remove from the stream of commerce any PIE products that you sold;

- Inform all distributors and end-users who received PIE products that such products were unauthorized and infringe upon the CAKE Marks and trade dress; and

- Request that any distributor or end-user to whom you sold or otherwise conveyed PIE products remove such products from the stream of commerce.

If we do not receive your written confirmation by August 6, 2021, AKF intends to initiate a lawsuit against Mr. Fog and other responsible parties without further notice to you, including to pursue all rights and remedies available to AKF under the law, including substantial monetary damages, its legal fees incurred, and injunctive relief.

If you are represented by counsel, please forward this letter to your attorney for an immediate response.

sf-4540868

**MORRISON | FOERSTER**

Mr. Fog Vape Lab, Corp.
August 3, 2021
Page Four

Sincerely,

Benjamin J. Fox

**MORRISON** | **FOERSTER**

707 WILSHIRE BOULEVARD
LOS ANGELES
CALIFORNIA 90017-3543

TELEPHONE: 213 892 5200
FACSIMILE: 213 892 5454

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 3, 2021

Writer's Direct Contact
+1 (213) 892.5207
Bfox@mofo.com

*Via      ail an   UPS Overnight Delivery*

Smoke Brokers Direct LLC
Attn: Robert Waring, Registered Agent, CEO
1827 SE 21st Street
Cape Coral, FL  33990

*smokebrokersdirect@gmail.com*

Re:     Infringement and Counterfeiting of CAKE Intellectual Property

Dear Mr. Waring:

Morrison & Foerster LLP represents AK Futures LLC ("AKF"), the industry-leading manufacturer of authentic Cake™ brand delta-8 vaping goods and related products.  AKF is the exclusive owner of Cake™ brand intellectual property, including the CAKE trademarks and distinctive packaging design protected by trade dress.  The CAKE logo is also protected by U.S. Copyright Registration No. VA0002247632 and Chinese Copyright Registration No. 01396084 (collectively, the "CAKE Marks").

AKF is actively prosecuting numerous anti-counterfeiting lawsuits in Federal Court (the "Cake Lawsuits"), and AKF diligently investigates counterfeiting wherever Cake™ brand products are sold.  AKF is also working with appropriate State and Federal agencies to protect its valuable CAKE Marks and the loyal consumers of its products.

The infringing "Pie" brand ("PIE") recently launched by LCF Labs, Inc. is not authorized by AKF, nor is PIE affiliated in any way with authentic CAKE products.  AKF intends to vigorously pursue its claims against all parties involved in manufacturing and distributing the infringing PIE products.[1]

---

[1]  We note also the existence of LCF Labs, Inc.' bankruptcy proceeding pursuant to Chapter 11 of the U.S. Bankruptcy Code, of which AKF recently became aware, which may affect the rights of other parties in relation to LCF Labs, Inc.

sf-4540809

MORRISON | FOERSTER

Smoke Brokers Direct LLC
August 3, 2021
Page Two

AKF recently learned that your business ("Smoke Brokers"), identified below, is
promoting and selling infringing PIE products:

**SMO E RO ERS DIRECT LLC**
Jurisdiction:  Florida (US)
Company No.:  L20000253336
Date of Organization: 18 August 2020

To be clear, the PIE products are infringing reproductions of CAKE products; they
use without authorization marks and packaging that are confusingly similar to AKF's
distinctive CAKE Marks and packaging.  The CAKE packaging uses bright bold colors and
prominently features the CAKE mark in a stylized font above a cut-out product window,
below which appears a CAKE logo with spot gloss, followed by details of the product,
including flavor, at the bottom.  The PIE products replicate each of these features of AKF's
distinctive trade dress, merely substituting the word "Pie" for "Cake" and the letter "P" for
"C."  The term "Pie" and the PIE logo also create a confusing and false impression
suggesting a connection to CAKE.  The similarities between authentic CAKE packaging and
the packaging of the PIE Products are striking:

 

(Authentic Cake™ packaging)          (Packaging sold by Defendants)

MORRISON | FOERSTER

Smoke Brokers Direct LLC
August 3, 2021
Page Three

Smoke Brokers' sale and distribution of the PIE products constitutes trademark and trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq., as well as unfair competition under federal and state laws.  Accordingly, Smoke Brokers and its affiliates are exposed to substantial liability and damages, including but not limited to lost profits, disgorgement of profits, actual damages, and attorneys' fees.

**Accordingly, you are hereby directed to:**

**CEASE AND DESIST ALL SALE AND PROMOTION OF PIE PRODUCTS**

AKF further demands that you confirm in writing by no later than August 6, 2021, that Smoke Brokers will take each of the following steps to cooperate with AKF's efforts to address the infringement of its intellectual property:

- Identify your source(s) of PIE products, either in your possession or that you have sold prior to receipt of this letter;

- Cease selling any PIE products or any other products that infringe the CAKE Marks or trade dress;

- Segregate any PIE products in your possession, and provide an accounting to AKF of any such goods;

- Take all reasonable steps to remove from the stream of commerce any PIE products that you sold;

- Inform all distributors and end-users who received PIE products that such products were unauthorized and infringe upon the CAKE Marks and trade dress; and

- Request that any distributor or end-user to whom you sold or otherwise conveyed PIE products remove such products from the stream of commerce.

If we do not receive your written confirmation by August 6, 2021, AKF intends to initiate a lawsuit against Smoke Brokers and other responsible parties without further notice to you, including to pursue all rights and remedies available to AKF under the law, including substantial monetary damages, its legal fees incurred, and injunctive relief.

If you are represented by counsel, please forward this letter to your attorney for an immediate response.

sf-4540809

MORRISON | FOERSTER

Smoke Brokers Direct LLC
August 3, 2021
Page Four

Sincerely,

Benjamin J. Fox

sf-4540809

**MORRISON** | **FOERSTER**

707 WILSHIRE BOULEVARD
LOS ANGELES
CALIFORNIA 90017-3543

TELEPHONE: 213 892 5200
FACSIMILE: 213 892 5454

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 3, 2021

Writer's Direct Contact
+1 (213) 892.5207
Bfox@mofo.com

*Via*    *ail an*   *UPS Overnight Delivery*

D&A Distribution LLC
Attn:  Robert Ali, Registered Agent
103 Grays Creek Ct
Savannah, GA 31410-1044

  *rc  asi  g@strictl ecig.com*

Re:    Infringement and Counterfeiting of CAKE Intellectual Property

Dear Mr. Ali:

    Morrison & Foerster LLP represents AK Futures LLC ("AKF"), the industry-leading manufacturer of authentic Cake™ brand delta-8 vaping goods and related products.  AKF is the exclusive owner of Cake™ brand intellectual property, including the CAKE trademarks and distinctive packaging design protected by trade dress.  The CAKE logo is also protected by U.S. Copyright Registration No. VA0002247632 and Chinese Copyright Registration No. 01396084 (collectively, the "CAKE Marks").

    AKF is actively prosecuting numerous anti-counterfeiting lawsuits in Federal Court (the "Cake Lawsuits"), and AKF diligently investigates counterfeiting wherever Cake™ brand products are sold.  AKF is also working with appropriate State and Federal agencies to protect its valuable CAKE Marks and the loyal consumers of its products.

    The infringing "Pie" brand ("PIE") recently launched by LCF Labs, Inc. is not authorized by AKF, nor is PIE affiliated in any way with authentic CAKE products.  AKF intends to vigorously pursue its claims against all parties involved in manufacturing and distributing the infringing PIE products.[1]

---

[1]  We note also the existence of LCF Labs, Inc.' bankruptcy proceeding pursuant to Chapter 11 of the U.S. Bankruptcy Code, of which AKF recently became aware, which may affect the rights of other parties in relation to LCF Labs, Inc.

sf-4540886

MORRISON | FOERSTER

D&A Distribution LLC
August 3, 2021
Page Two

AKF recently learned that your business ("Strictly e-Cig"), identified below, is
promoting and selling infringing PIE products:

**D  A DISTRI  UTION LLC**
Jurisdiction:  Georgia (US)
Company No.:  14031933
Date of Organization: March 27, 2014

To be clear, the PIE products are infringing reproductions of CAKE products; they
use without authorization marks and packaging that are confusingly similar to AKF's
distinctive CAKE Marks and packaging.  The CAKE packaging uses bright bold colors and
prominently features the CAKE mark in a stylized font above a cut-out product window,
below which appears a CAKE logo with spot gloss, followed by details of the product,
including flavor, at the bottom.  The PIE products replicate each of these features of AKF's
distinctive trade dress, merely substituting the word "Pie" for "Cake" and the letter "P" for
"C."  The term "Pie" and the PIE logo also create a confusing and false impression
suggesting a connection to CAKE.  The similarities between authentic CAKE packaging and
the packaging of the PIE Products are striking:



(Authentic Cake™ packaging)



(Packaging sold by Defendants)

sf-4540886

MORRISON | FOERSTER

D&A Distribution LLC
August 3, 2021
Page Three

Strictly e-Cig's sale and distribution of the PIE products constitutes trademark and trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq., as well as unfair competition under federal and state laws.  Accordingly, Strictly e-Cig and its affiliates are exposed to substantial liability and damages, including but not limited to lost profits, disgorgement of profits, actual damages, and attorneys' fees.

**Accordingly, you are hereby directed to:**

**CEASE AND DESIST ALL SALE AND PROMOTION OF PIE PRODUCTS**

AKF further demands that you confirm in writing by no later than August 6, 2021, that Strictly e-Cig will take each of the following steps to cooperate with AKF's efforts to address the infringement of its intellectual property:

- Identify your source(s) of PIE products, either in your possession or that you have sold prior to receipt of this letter;

- Cease selling any PIE products or any other products that infringe the CAKE Marks or trade dress;

- Segregate any PIE products in your possession, and provide an accounting to AKF of any such goods;

- Take all reasonable steps to remove from the stream of commerce any PIE products that you sold;

- Inform all distributors and end-users who received PIE products that such products were unauthorized and infringe upon the CAKE Marks and trade dress; and

- Request that any distributor or end-user to whom you sold or otherwise conveyed PIE products remove such products from the stream of commerce.

If we do not receive your written confirmation by August 6, 2021, AKF intends to initiate a lawsuit against Strictly e-Cig and other responsible parties without further notice to you, including to pursue all rights and remedies available to AKF under the law, including substantial monetary damages, its legal fees incurred, and injunctive relief.

If you are represented by counsel, please forward this letter to your attorney for an immediate response.

sf-4540886

MORRISON | FOERSTER

D&A Distribution LLC
August 3, 2021
Page Four

Sincerely,

Benjamin J. Fox

# Exhibit L

# THE FROST FIRM

ATTORNEYS AT LAW

COLUMBIA PLAZA

401 West A Street, Suite 1150

San Diego, CA  92101

TELEPHONE NUMBER
619.822.1740

FACSIMILE NUMBER
619.822.1744

DIRECT DIAL
619.822.1741

Thomas C. Frost, Esq.
tfrost@thefrostfirm.com

WEBSITE: www.thefrostfirm.com

OUR FILE NUMBER:

1058 10

September 28, 2021

*Via Email*:

LCF Labs, Inc.
Attn: Qusay Al-Qaza, CEO
895 S Rockefeller Avenue, Unit 103
Ontario, CA 91761
San Bernadino, CA
que@lcflabs.com

Re:   Infringement and Counterfeiting of CAKE Intellectual Property

Dear Mr. Al-Qaza:

        This law firm represents AK Futures LLC ("AKF"), the industry-leading manufacturer of authentic Cake ™ brand delta-8 vaping goods and related products.  AKF is the exclusive owner of the Cake ™ brand intellectual property, including the CAKE trademarks and distinctive packaging design protected by trade dress.  The CAKE logo is also protected by U.S. Copyright Registration No. VA0002247632 and Chinese Copyright Registration No. 01396084 (collectively, the "CAKE Marks").

        AKF is actively prosecuting numerous anti-counterfeiting lawsuits in Federal Court (the "Cake Lawsuits"), and AKF diligently investigates counterfeiting wherever Cake ™ brand products are sold.  AKF is also working with appropriate State and Federal agencies in the United States and China to protect its valuable CAKE Marks and the loyal consumers of its products.

        As you know, LCF Labs, Inc. ("LCF") and its distributors ***are not*** authorized by AKF and they are not affiliated in any way with authentic CAKE products.  AKF recently learned LCF is promoting and selling unauthentic Cake-branded products.  Please be advised AKF intends to vigorously pursue its claims against LCF and any other parties involved in manufacturing and distributing counterfeit Cake-branded products.

LCF's sale and distribution of the Cake-branded products constitutes trademark and trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125, et seq.; as well as unfair competition under federal and state laws. Accordingly, LCF and its affiliates now are exposed to substantial liability and damages, including but not limited to lost profits, disgorgement of profits, actual damages, and attorneys' fees, and will be referred to authorities for criminal prosecution if appropriate.

**Accordingly, you are hereby directed to:**

**CEASE AND DESIST ALL SALE AND PROMOTION OF CAKE PRODUCTS**

AKF hereby demands that you confirm in writing by not later than October 1, 2021, that LCF will take each of the following steps to voluntarily cooperate with AKF's efforts to address LCF's foregoing infringement:

- Identify your source(s) of unauthorized Cake-branded products, either in your possession or that you have sold prior to receipt of this letter;

- Cease selling any Cake-branded vaping products or any other products that use any of AKF's CAKE marks and branding, or any facsimile of such branding;

- Segregate any Cake-branded products in your possession and provide an accounting to AKF of any such goods;

- Take all reasonable steps to remove from the stream of commerce any counterfeit Cake-branded vaping products that you sold;

- Inform all distributors and end-users who received the counterfeit Cake-branded vaping products that such products were unauthorized and infringe upon the CAKE Marks and trade dress; and

- Request that any distributor or end-user to whom you sold or otherwise conveyed counterfeit Cake-branded products remove such products from the stream of commerce.

Please direct your written confirmation to the undersigned on or before the October 1, 2021 deadline. If you are represented by counsel, please forward this letter to your attorney for a timely response.

Very truly yours,
THE FROST FIRM

*Thomas Frost*

By: Thomas C. Frost, Esq.

CIVIL INTAKE

ORIGIN ID:DTHA        (949) 296-1243
ED RODIECK
INTEGRITY LEGAL CORP. OF OC
17900 SKY PARK CIR
SUITE 106
IRVINE, CA 92614
UNITED STATES US

TO  CENTRAL DISTRICT OF CA
U.S. DISTRICT COURT - CE A SOUTHERN DIV
411 WEST FOURTH ST. RM ENTRAL CA
1053

SANTA ANA CA 92701
(314) 241-2003        REF: WAGNE
INV:
PO:

SHIP DATE: 23DEC21
ACTWGT: 8.00 LB
CAD: 100360867/INET4400
DIMS: 12x10x2 IN

BILL SENDER

R V. ASBESTOS
DEPT.




FedEx Ship Manager - Print Your Label(s)

12/23/21, 1:44 PM



TRK# 7755 9537 5420
0201

92 APVA

FRI - 24 DEC 4:30P
STANDARD OVERNIGHT

92701
CA-US  SNA


